(Decided 22nd June, 1893.)

JOSEPH H. COX, MARTHA ELLEN COX, and others *vs.* CHARLES HANDY, and others.

*Construction of Will—Nature of Estate.*

A testator devised certain property to his wife for life, and directed that after her death it should be divided amongst his children, share and share alike, the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled. HELD:

That a share of the property vested in each of the children of the testator who survived him, but, if any such child should leave children at his death, his share was divested in favor of such children, but it was not divested by the death of the child in the life-time of the tenant for life without leaving children.

Cox *vs.* Handy.

Under a will directing the property to be divided at the death of testator's widow among his children, "the child or children of any deceased child to take the portion to which the parent if living would have been entitled," a child of a child deceased before the testator is entitled to share.

Under a will directing the property to be divided at the death of testator's widow among his children, "the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled," the children of a child dying before the period of distribution are substituted in his place; but the share of a child dying without children is not divested and goes to his personal representatives.

APPEAL from the Circuit Court No. 2, of Baltimore City.

The bill in this case was filed on the 8th of July, 1891, by Henry Handy, Jane W. Justice, widow, Margaret H. Reeves, widow, and Julia J. Handy, *fême sole*, against William W. Handy, Mary H. Ellicott (infant children of Thomas P. Handy, deceased) and Francis Ellicott, her husband, and Maria P. Handy, widow of Thomas P. Handy. The object of the bill was the sale of certain reversions in fee simple, and sub-reversions of lots in the City of Baltimore, with the rents attached to them, which passed by the last will and testament of the late William W. Handy, of Baltimore City, and for the construction of his said will, and for directions as to the method of distributing the proceeds of the sales. The cause was ready for decree on the sixth of January, 1893, when a decree was passed, and an appeal taken on the same day. Shortly after the appeal was taken, the fact was brought to the attention of the counsel in the cause that Henry Handy, one of the plaintiffs, had died at his residence in the City of Philadelphia, only two or three hours before the passing of the decree. The appeal was therefore dismissed. The appeal having been dismissed, the decree was opened; and the persons necessary to

represent the interest of the deceased, Henry Handy, were duly made parties. Henry Handy left a will executed in due form to pass real estate in Maryland, and appointed executors who were non-residents. An administrator *cum testamento annexo* was appointed in Maryland, and he, together with the trustees and *cestui que trust* of the estate of Henry Handy, were the new parties. William W. Handy, died on the 27th of January, 1864, leaving a will duly executed on the 15th of June, 1863. The testator devised and bequeathed to his widow, Mary Ann Handy, for her life a house on St. Paul street, in the City of Baltimore, six hundred and forty shares of the stock of the Citizens' Bank of Baltimore, one thousand dollars of the stock of the City of Baltimore, and all his ground rents in said city. The estate or interest in remainder in the property thus devised and bequeathed to his widow for her life, was disposed of by the testator in a clause which will be found set out in the opinion of this Court. The widow was made the general residuary legatee and devisee under the will. She died 4th of February, 1891. The testator left surviving him, his wife, and five children, Henry Handy, Jane W. Justice, Margaret H. Reeves, Jesse T. Handy, and Thomas P. Handy; and two of his children died in his life-time, William W. Handy and Charles Handy, the former unmarried and without issue, and the latter before the testator made his will, leaving an only child, Julia J. Handy. Thomas P. Handy, and Jesse T. Handy survived their father, but died in the life-time of the widow. Thomas P. Handy died 28th of January, 1877, intestate, leaving surviving him a widow, Maria P. Handy, and two children. Maria P. Handy filed a disclaimer in favor of her children. Jesse T. Handy died 31st of March, 1885, leaving no children, but leaving surviving him a widow, Sallie C. Handy, to whom, by his will, executed 6th of April, 1888, he gave "all his property, real, personal, and mixed, absolutely and unconditionally, during

her life, and at her death to dispose of as she may deem proper.'' Sallie C. Handy died 8th of August, 1888, leaving a will executed 25th of April, 1885, to which several codicils were added, the last being executed the 6th of July, 1888. In the case of *Handy vs. Waxter,* 75 *Md.,* 517, which was an offshoot from these proceedings, being an appeal from an order sustaining a purchaser's exceptions to a sale of certain of the same ground rents made under a decree passed in this cause the 17th of September, 1891, the Court affirmed the order appealed from, but declined to intimate an opinion as to the true construction of William W. Handy's will, for the reason that the representatives of Jesse T. Handy, not having been made parties to the proceedings, would not have been thereby bound. The cause was therefore remanded in order that an opportunity might be given to bring in Jesse T. Handy's representatives by supplemental bill. A supplemental bill was accordingly filed, to which, (among other persons,) the devisees now living of Jesse T. Handy, and the representatives of certain deceased devisees, were made parties defendant, the said devisees being appointees of his widow, Sallie C. Handy, and deriving title through and by virtue of the exercise by her of a power given to her in her husband's will. The administrator *d. b. n. c. t. a.* of Jesse T. Handy was, on his own petition, also made a defendant, because three of the most valuable ground rents were personal property, being sub-rents.

Nine of the adult defendants, who claim as devisees or through or under devisees of Jesse T. Handy, namely : Joseph H. Cox, Martha Ellen Cox, James H. Cox, Martha J. Cox, George W. Cox, Fannie T. Cox, Oliver B. Sargent, Carlton H. Sargent and Godfrey Twells, who are appellants here, appeared by counsel and filed their joint and several answer to the original and supplemental bills, consenting to a sale of the ground rents

Cox *vs.* Handy.

under the authority of the Court, and to re-investment of the infants' shares of the money, but insisting that Jesse T. Handy took under the disputed clause of his father's will a vested estate in remainder in the said ground rents and in other property thereby devised to the said Mary Ann Handy for her life, and setting up their own claims to the same, as Jesse T. Handy's legal representatives. Against the two other adult non-resident defendants, John C. Amoss and Jasper M. Amoss, a decree *pro confesso* for want of an appearance was made the 12th of December, 1892. Answers were filed by the other adult defendants; guardians were appointed and answered for the minors; testimony was taken, and other proceedings were had.

The Court (WICKES, J.,) decreed that the property in the proceedings mentioned be sold, and appointed a trustee to make sale; and further decreed *pro forma,* that by the true construction of the last will and testament of William W. Handy, deceased, mentioned in the proceedings of this cause, no other persons took any interest in the reversions and sub-reversions mentioned in these proceedings and decreed to be sold, except the children of the said testator who were living at the time of the death of the widow of the testator, and the child or children living at the time of the death of his widow, of any deceased child of the testator, taking *per stirpes;* and that the devisees of Jesse T. Handy, who died in the life-time of the widow of the said William W. Handy and those persons claiming under the execution of a power by Sallie C. Handy, deceased, the widow of said Jesse T. Handy, deceased, took no interest thereby and are not entitled to share in the distribution of any proceeds of the sale.

From this decree the present appeal was taken.

The cause was argued before BRYAN, FOWLER, ROBERTS, and McSHERRY, J.

Cox *vs.* Handy.

*Thomas B. Mackall,* for the appellants.

The will of William W. Handy gave to his children vested interests on his death, although the possession and enjoyment was deferred until the period designated by the testator for distribution among them; that is, until the determination of the possession and enjoyment under the prior gift for life to the widow, Mary Ann Handy.

The shares of said children were subject to be divested in favor of their children in the event of their dying in the life-time of Mary Ann Handy, leaving children.

The original gifts being divested only in the case of those who had children, Jesse T. Handy, who died without issue in the life-time of Mary Ann Handy, took an absolute interest transmissible to his representatives.

The rule that the law favors the earliest possible vesting of estates, repeated in almost every decision upon a question of vesting, is nowhere stated more explicitly than in the latest decisions of this Court, and notably in *Dulany, et al. vs. Middleton, et al.,* 72 *Md.,* 75; see also *Crisp, Trustees vs. Crisp, et al.,* 61 *Md.,* 149, 152; *Waters vs. Waters,* 24 *Md.,* 444, 445; *Tayloe vs. Mosher, et al.,* 29 *Md.,* 443, 456, 457; *Meyer, et al. vs. Eisler, Trustee, et al.,* 29 *Md.,* 33.

The burden is upon the appellees to satisfy the Court that the language of William W. Handy's will shows a clearly expressed desire or some manifest reason for suspending the time of vesting.

The principle governing this class of cases is thus stated in *Packham vs. Gregory,* 4 *Hare,* 396, by Vice-Chancellor WIGRAM: "If there is a gift to a person at twenty-one, or on the happening of any event, (as occurred in the case of *Leake vs. Robinson,* where there was a gift to persons upon their attaining twenty-five,) or a direction to pay and divide when a person attains

Cox *vs.* Handy.

twenty-one, then the gift being to persons answering a particular description, if a party cannot bring himself within it, he is not entitled to take the benefit of the gift. There is no gift in those cases, except in the direction to pay and divide. But, if upon the whole will, it appears that the future gift is only postponed *to let in some other interest,* or as the Court has commonly expressed it, *for the greater convenience of the estate,* the same reasoning has never been applied to the case. The interest is vested notwithstanding, although the enjoyment is postponed." See also *Hallifax vs. Wilson,* 16 *Ves.,* 171 ; *Blamire vs. Geldart,* 16 *Ves.,* 314 ; *Leeming vs. Sherratt,* 2 *Hare,* 14, *Salisbury vs. Petty,* 3 *Hare,* 86, (both approved in *Packham vs. Gregory, supra ;*) *Bromley vs. Wright,* 7 *Hare,* 334 ; *Theobald on Wills,* 385, (3rd Ed.,) 1885 ; *Tudor's Lead. Cas. Real Prop., &c.,* 851 ; *Hawkins on Wills,* [*232 ;] 1 *Jarman on Wills,* [*798,] (5th Eng., 6th Amer. Ed.,) 1893.

The doctrine established by these, cases is applied after a thorough examination of both *Leeming vs. Sherratt, supra,* and *Leake vs. Robinson,* 2 *Merivale,* 386, in *Tayloe vs. Mosher,* 29 *Md.,* 443, 450, 452, 454, the authority on which the appellants confidently rely. *Tayloe vs. Mosher* is cited by the American editor of *Hawkins on Wills* at page [*232,] note, and is relied on by the Supreme Court of the United States, in construing a similar bequest in *Cropley vs. Cooper,* 19 *Wall.,* 167, (1874,) SWAYNE, J., in the opinion citing also *Leeming vs. Sherratt, Hallifax vs. Wilson,* and *Packham vs. Gregory, supra.*

Four English cases cited by the appellees, viz., *Leake vs. Robinson,* 2 *Merivale,* 386, *Locke vs. Lamb,* 4 *Eq.,* 372, *Merry vs. Hill,* 8 *Eq.,* 623, and *Spencer vs. Wilson,* 16 *Eq.,* 513, belong to the class which is distinguished in the authorities cited *supra* upon this point, from the class to which *Tayloe vs. Mosher,* 29 *Md.,* 443, belongs, for the reason that, in the former class, the bequests are to be

Cox *vs.* Handy.

paid to persons "when" or "as they attain twenty-one," that is, to persons answering a particular description.

*Le Jeune vs. Le Jeune*, 2 *Keen*, 701, another of the appellees' cases, is not in conflict with any decision relied on by the appellants, not being a case in point. The testator there expressly directs that shares shall.be paid to each of his "five sons that *shall be living at the time of her* [the life tenant's] *decease*," and in case of death of either, his share to be paid to his issue "as they shall attain twenty-one," and *upon failure of issue, remainder* to testator's surviving children. In the disputed clause of Wm. H. Handy's will there is no *gift over on failure of issue*.

*Le Jeune vs. Le Jeune* is cited in *Engel vs. State, use of Geiger*, 65 *Md.*, at page 545, for an entirely different purpose, as showing the period when a *substituted gift* to issue took effect.

Jesse T. Handy having died without issue took an absolute interest transmissible to his representatives, which was not affected by the substitutional clause directing "the child or children of any deceased child to take the portion *to which the parent, if living, would have been entitled*." The original gifts to the testator's children were to be divested in favor of issue only in case of those who died before the tenant for life, leaving children. *Hervey vs. McLaughlin*, 1 *Price*, 264, and *Salisbury vs. Petty*, 3 *Hare*, 86, are direct decisions on both points, and are cited as settling the doctrine by 1 *Jarman on Wills, page* [*829], *5th Eng.*, *6th Am. Ed.*, 1893. The authority of both cases is recognized by ALVEY, C. J., in *Reiff and Brinkly, vs. Strite, et al.*, 54 *Md.*, 303-4, and *Engel vs. State, use of Geiger*, 65 *Md.*, 545. See also *Gray vs. Garman*, 2 *Hare*, 268; *Smither vs. Willock*, 9 *Ves.*, 233; *Theobald on Wills*, 446 and 464; *Hawkins on Wills*, 267.

The same point has also been expressly decided in the three following cases, which are also leading authorities

upon the construction of bequests in which the only words of gift used are to be found in the direction to "distribute" or to "pay and divide,"or to "pay and transfer." *Strother vs. Dutton*, 1 *De Gex & Jones*, 675; *In Re Bennett's Trust*, 3 *Kay & Johnson*, 280; *Moore vs. Bailey*, 43 *L. T.*, (*N.S.*,) *Ch.*, 730.

As one of the testator's sons, Charles Handy, had died before the date of the said will, a question arises whether his daughter Julia took an interest in the reversions and stocks by virtue of the substitutional clause. We have found no decision of this Court upon the point. In English authorities the principle adopted seems to be as follows: if the direction in favor of children of original legatees be construed strictly as a clause of substitution, it does not comprehend the children of a person who could not in any possible event have been an object of the original gift. *Hawkins on Wills*, [*248]; 2 *Jarman on Wills*, 6 *Am. Ed.*, [*1584] &c.: *Ive vs. King*, 16 *Beav.*, 46; *Theobald on Wills*, 460, 461, 462; *Gray vs. Garman*, 2 *Hare*, 268.

On the other hand, if it be held that such direction amounts to an independant substantive gift, Julia J. Handy would be entitled "to take the portion to which her [the] parent, if living, would have been entitled." *Loring vs. Thomas*, 1 *Drewry & Smale*, 497; *In Re Chapman's Will*, 32 *Beav.*, 382; *Adams vs. Adams*, 14 *Eq.*, 246; *Hawkins on Wills*, [*249, &c.]; *Theobald on Wills*, 462.

The interest of the son, William W. Handy, who never married, and who died after the date of the will, in the life-time of the testator, devolved in the same manner as if the said William W. Handy had survived the testator, by virtue of the provisions of section 313 of Article 93, of the Code. His legal representatives are parties to this cause.

Cox *vs.* Handy.

*Louis P. Hennighausen,* and *William A. Fisher,* for the appellees.

It is impossible to place any construction upon the words of the will consistent with any estate whatever in the reversions and ground rents having become vested in Jesse T. Handy. This Court has recognized frequently and in the "most liberal and beneficial manner," the rule of construction which favors the earliest vesting of the estate. But with equal emphasis the Court has expressed its recognition of the right of the testator to fix the period of vesting to suit himself, without transcending the time allowed by the rules of law. *Mercantile Trust and Deposit Co. vs. Brown, et al.,* 71 *Md.,* 169; *Larmour vs. Rich, et al.,* 71 *Md.,* 383; *Bailey vs. Love,* 67 *Md.,* 603.

The question to be determined after all is the intention of the testator, and this is to be sought for, not in one place only, but everywhere within the four corners of the will. In no Court has the proposition been more explicitly announced, and perhaps nowhere more frequently, that in the construction of wills, little assistance is to be derived from previous adjudications, since the language employed in two wills, is rarely coincident, and that the only value of authority in such cases is for the ascertainment of the principle of decision.

In approaching the construction of the will under discussion the first observation to be made is that there is no direct gift of these rents to the children of the testator, and this circumstance furnishes the key to the interpretation. There is a gift of the life estate in the rents to the widow of the testator, and no further notice is taken of them until near the conclusion of the will, when it is provided that they shall be sold, if necessary, for equal partition, or if the same can be accomplished without a sale, shall be divided amongst the children of the testator, share and share alike, the child or children of any deceased child, to take the portion to which the

Cox *vs.* Handy.

parent, if living, would have been entitled.    The language in the will presents an instance in which futurity is annexed to the *substance* of the gift, because there is no gift except in the direction for distribution.

The period at which the supension of the vesting must occur, is therefore the time of distribution, which is at the death of the testator's widow.    Those persons only could take who answered the description in the will at this period.    1 *Jarman on Wills,* 760 *to* 763, *chapter 26, sec. 6;* 2 *Williams on Executors, (6th Am. Ed.), page* 1334 *and bottom paging* (1332) ; *Leake vs. Robinson,* 2 *Merivale,* 386.

The case of *Leake vs. Robinson* is a leading one and covers the case, unless it is to be rejected.    It is true that in *Tayloe vs. Mosher,* 29 *Md.,* 443, this Court expressed some doubt whether it could be followed to its full extent in all cases, though its force was admitted, at least so far that the fact that "the gift is future, and made solely under the form of a direction to pay or transfer," is a circumstance to be considered in aiming at the conclusion as to the time of vesting.    The Court, in *Tayloe vs. Mosher,* referred to *Leeming vs. Sherratt,* as being somewhat in conflict with *Leake vs. Robinson.*

If they could be regarded as in conflict, an examination will show that *Leake vs. Robinson* has always been accepted in England.    The doctrine has been reiterated, and the case expressly followed in the following decisions: *Locke vs. Lamb, L. R.,* 4 *Eq. Cases,* 372; *Merry vs. Hill, L. R.,* 8 *Eq. Cases,* 623; *Spencer vs. Wilson, L. R.,* 16 *Eq. Cases,* 513.    A large number of other cases in which the authority of *Leake vs. Robinson* has been recognized will be found collected at page 329 of *"English Citations"* by *Talbot and Fort.*    No recognition of *Leeming vs. Sherratt* can be found, we think.

This proposition is fortified by the position taken by this Court in a number of cases in regard to the period of

vesting. The cases of *Engel vs. State, use of Geiger*, 65
*Md.*, 544–5; *Baily vs. Love*, 67 *Md.*, 600–3; *Straus vs. Rost*,
67 *Md.*, 476–7; *Mercantile Trust and Deposit Co. vs. Brown*,
71 *Md.*, 168–9; *Larmour vs. Rich, et al.*, 71 *Md.*, 371–4;
*Demil vs. Reid*, 71 *Md.*, 191, &c., have a close analogy with
the present case, and support the proposition that no
estate vested except in those who were in being, and
answered the necessary description, at the death of the
testator's widow. These cases postponed the vesting,
although the wills did not merely make the gifts in the
directions for the division.

In *Larmour vs. Rich, et al.*, 71 *Md.*, 381, this Court
again lays emphasis on the maxim: "That the intention
of a testator when apparent on the face of the will must
be gratified if it be lawful to do so." Here the testator
names a certain event when some of his property shall be
divided among certain designated persons—his children
and grandchildren. How can a stranger who does not
answer this description be made an interested party in the
division of this property, unless words are added to the
devise? If he intended that on his death the children
should take a vested interest, which they could, before
the death of the widow, encumber, devise or bequeath to
a stranger, the Court must ignore or strike out the
words of the testator, "the child or children of any de-
ceased child to take the portion to which the parent, if
living, would have been entitled." If Jesse T. Handy
had left children surviving him, living at the time of the
death of the testator's widow, could he by any act of his
have deprived them of their share of their grandfather's
bounty under the plain provision of the last will in their
favor?

In *Larmour vs. Rich, et al.*, 379, similar words are used,
and the estate is given to the children, *their executors,
administrators and assigns*, the issue of any deceased child
to take and have the part to which the parent, *if living,*

would be entitled (page 382), and this Court held that the children did not take a vested remainder, and the husband of a deceased child had no interest in the estate.

In *Demill vs. Reid, et al.*, 71 *Md.*, 191, the Court in an exhaustive review of the authorities, remarks: "The Supreme Court of New Hampshire, in a very well considered case, and after a careful review of the authorities, said: 'The result, then, of the authorities, in our opinion, is that if there be a bequest to one for life, and then to the children of the testator, or the survivors of them, those children will take who, at the death of the tenant for life, answer the description in the will, to the exclusion of the representatives of those who are then dead.' This we think, is the rule when the bequest is in those terms and nothing more; subject, of course, to the manifestation in the will of a different construction." And further "if there are persons answering the description *in esse* when the contingency happens, they *alone* can take."

The words of the testator that the property on the expiration of the life estate "shall be sold" precluded the idea of the vesting at a previous time, and fixes the period when the estate shall become the property of the parties named in the will. It is provided in the will that the children of a deceased · child of the testator should " take the portion to which *the parent, if living, would have been entitled,*" thus expressing the idea that the parent could take nothing, unless living at the period fixed for the distribution. *Baily vs. Love*, 67 *Md.*, 602; *Larmour vs. Rich*, 71 *Md.*, 382. See also *Le Jeune vs. Le Jeune*, 2 *Keen*, 701, referred to in 65 *Md.*, 545, by Ch. J. ALVEY.

BRYAN, J., delivered the opinion of the Court.

William W. Handy by his will devised and bequeathed certain real and personal property to his wife for life, and also made devises and bequests to his children.

Cox *vs.* Handy.

His will contained the following clause : "It is my will that after the death of my wife, Mary Ann Handy, that all the property devised to her for life, except the house and lot hereinbefore devised to my son, Thomas P. Handy, after her death, and which is situate on St. Paul street, and the one thousand dollars of Baltimore City Stock devised to my said wife, which after her death is to be vested and go to my son Thomas, shall be sold if necessary for equal partition, or if the same can be accomplished without a sale, shall be divided amongst my children, share and share alike, the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled." The construction of this clause is the object of the present suit.

If the words referring to the "child or children of any deceased child" had been omitted, we suppose that the meaning of the clause would have been quite clear.    In a book of great authority, a very simple and satisfactory test is given by which a vested estate may be known. It is thus stated : "Now, when a remainder is limited to a person *in esse* and ascertained, to take effect, by words of express limitation, on the determination of the preceding particular estate, this remainder is most clearly and unquestionably vested.    The person to whom the remainder is limited may, in respect of the limitation of his estate, assert a right to the possession, as soon as the possession shall fall." 1 *Preston on Estates,* 70.    In the reports of decided cases, we may find paraphrases and amplifications of the language in which this rule is expressed.    For instance in *Moore vs. Lyons,* 25 *Wendell,* 144, in the Court of Errors, the Chancellor said : "For where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the

remainderman is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession.'' And this statement of the rule has been highly approved in judicial opinions; we may mention a case in the Supreme Court of Massachusetts, and two in the Supreme Court of the United States: *Blanchard vs. Blanchard, et al.*, 1 *Allen*, 227; *Doe, Lessee of Poor vs. Considine*, 6 *Wallace*, 476; *McArthur vs. Scott*, 113 *U. S.*, 379. The testator mentions his children by name in the previous portions of his will, and by this clause directs an equal partition of the property in question among them at the death of his wife; it is obvious that the sale which he mentions was only intended as a method of making an equal division. It is well settled that a gift to children to take effect in possession immediately on the testator's decease, comprehends the children living at the testator's death, and those only. *Jarman on Wills, chapter* 30, *section* 4. And it is also settled that where a particular estate is given, and there is a gift over to children, this gift will embrace the children living at the death of the testator, and all who may subsequently come into existence before the period of distribution. *Jarman on Wills, chapter* 30, *section* 5. In the present case as the gift is to the children of the testator, of course, none of the objects of this clause of the will could come into existence after his death. It is clear then that the devise and bequest (if the part relating to the children of the testator's children be omitted) is a gift to persons in existence to take effect in possession on the death of the wife; an event which was sure to happen. There would then be no element whatever of contingency about it. But we must inquire what influence these omitted words have on the construction of this clause. The child of a deceased child is to take the share to which his parent, if living, would have

been entitled. Of course, this must mean if living when the shares are to be distributed; that is to say, at the death of the tenant for life. There is no other point of time to which the living can rationally be referred. Most certainly not to the death of the testator, because if the parent were not living at that time, he would not be comprehended in the clause at all, and would not therefore be entitled to any share for his child to take. And this reference to the death of the tenant for life is in accordance with the established construction in like cases. *Jarman on Wills, chapter* 48, *section* 2; *Hervey vs. McLaughlin,* 1 *Price,* 264, (cited with approbation by this Court in *Engel vs. State, use of Geiger,* 65 *Md.,* 545.) But this point of time does not determine whether the gifts to the parents were vested or contingent. Expressions such as those used in this clause have been associated in wills with other language complicated and involved in great variety; and the Courts have declared their effect, according as they have been able to ascertain the intention of the testator in each particular case. The rules of construction which have been established are necessarily modified by the differences in the language of the wills, and the state of things to which it was applied. These rules are intended to aid the Courts in discovering the testator's meaning; but we fear that there is some ground for the complaint of an eminent Judge that on many occasions the testator's intention has been defeated by the application of rules which were intended to effectuate it. We will endeavor to escape this reproach in the present case. The clause declares that the child or children of a deceased child shall take the parent's portion; but it does not state what is to become of the portion of a deceased child in case he should die without children. Is the estate which was granted to him by the previous terms of the clause to be divested? if so, to whom is it given? The words used

do not state that it is to be divested, and given to some one else. If they receive this construction, it must be by virtue of some imperative rule. Let us see if there is any such rule. It will be observed that the meaning of the language is not embarrassed by being associated with doubtful or ambiguous provisions, and that the question is presented rather barely and nakedly. In *Strother vs. Dutton,* 1 *De Gex & Jones,* 675, a testator made a bequest to his daughter and her husband, and at the death of the longer liver it was to be distributed equally among her children, and it was then stated, "in case any lawful children are living from son or daughter being dead, the issue of their marriage, that such child or children, shall be equally entitled to the part or share their parents would be entitled to if they had been living." The daughter had several children, four of whom died in her life-time without issue; it was held that their shares vested in them at their birth and were not divested; for the gift in favor of the issue of the children who had issue, did not affect the shares of the children who died without leaving issue. In *Hervey vs. McLaughlin,* 1 *Price,* 264, (already cited) there was a bequest to a legatee for life, and after her death, to her three children in equal shares, "*and in case of the death of either of them,* the share of such as might die to go to and belong to the children, or child, if but one, of the child so dying." Two of the children having died in thel ife-time of the testatrix, one leaving children, and the other without children, tbe Court held that the intention of the testatrix was to substitute the children of those dying in the life-time of the legatee for life in the place of their parents, and that the parents took vested interests on the death of the testatrix, subject to be divested in favor of their children on their death in the life-time of the legatee for life leaving children; and as to the child who died without children the Court

held that she took her share absolutely and that at her death, it devolved on her personal representatives.  To the same effect are *Baldwin vs. Rogers,* 3 *De Gex, Macnaghton & Gordon,* 649 ; *Etches vs. Etches,* 3 *Drewry,* 447 ; *In Re Bennett's Trusts,* 3 *Kay & Johnson,* 280, and many other cases.  In *McArthur vs. Scott,* 113 *U. S.*, 381, the Supreme Court of the United States considering a direction of the same kind in a will, said its only effect was to divest the share of any deceased legatee leaving issue, and to vest it in such issue.   In view of these authorities, we think that we are justified in holding that a share of the property vested in each of the children of Wm. W. Handy who survived him, but if any such child should leave children at his death, his share was divested in favor of his children ; and that it was not divested by the death of the child in the life-time of the tenant for life without leaving children.   The clause of the will in question disposed of both real and personal property; we suppose that the testator's purpose was the same in regard to both descriptions of property.   In the cases of *Engel vs. State, use of Geiger,* 65 *Md.*, 539, and *Straus vs. Rost,* 67 *Md.*, 465, it was decided on bequests and devises similar to the one in this case that the child of a deceased child took a vested estate in the share which his parent would have taken if he had been living at the period of distribution.   In *Engel's Case* the Court said that it was unmistakably clear that the testator intended to substitute the child of the legatee who might die, in the place of the parent.   But the rights of a child of the testator who might die and leave no children were not considered, and were not decided in either of these cases.

Jesse T. Handy, one of the sons, survived the testator and died without children before the life tenant.  By his last will he gave all his property to his wife for life, with power to dispose of it at her death.   She also died

Cox *vs.* Handy.

before the life tenant, having disposed of this property by will. We understand that no question is made about the devolution of the property under these wills.

The *pro forma* decree of the Court below not being in agreement with our views must be reversed, and the cause remanded in order that a decree may be passed in accordance with this opinion.

> *Decree reversed, with costs,*
> *and cause remanded.*

(Decided 22nd June, 1893.)


A motion was made on the 10th of July, 1893, in behalf of Julia J. Handy, for a re-hearing of the foregoing case. The motion was overruled.

BRYAN, J., delivered the opinion of the Court.

A motion for a re-argument has been filed in behalf of Julia J. Handy. She is the only child of Charles Handy, a son of the testator, who died in the life-time of his father. The motion is made on the supposition that we decided that she was not entitled to participate in the division of that portion of her grandfather's estate which was left to his widow for life.

In the bill of complaint filed in this case, it is alleged that she and certain other descendants of the testator are the only persons entitled to an interest in this property. It was not denied in the pleadings or in the argument that she was entitled to an interest in the property; but in one of the answers it was maintained that the representatives of Jesse T. Handy, a son of the testator who survived him, and who died in the life-time of the widow were also entitled to a share. And this was the controversy in the case. We decided this controversy; but had no occasion to consider the rights of Julia J. Handy, as they were not drawn in question.

Some of the expressions in the opinion would militate against her claims, if they were separated from the context, and considered without reference to the subject-matter to which they were applied. But they were intended to be understood as applying to the interest of Jesse T. Handy, which was the sole subject of discussion. In the investigation of the question we cited certain general rules of construction, which are frequently of great use in ascertaining the meaning of a testator when it is doubtful, but are never to be applied so as to defeat his intention when it is clear.

The property at the death of the widow was to be divided among the testator's children; "the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled." A share of the property vested in each of the children who were living at the time of his death, and if any child died before the period of distribution leaving children, they were substituted in his place; his share however, was not divested if he left no children, but it went to his representatives. Jesse T. Handy was in this latter category. Julia J. Handy's father died before the testator made his will; and he, therefore, had no interest in the property. But, nevertheless, the testator's intention was clear that she should take a child's part. The child of any deceased child was, by the terms of the will, to take the portion to which the parent would have been entitled, if living at the time when the division was appointed to take place. It made no difference whether the death occurred in the life-time of the testator or after his decease; the mere fact that the parent was dead at the time of the expiration of the widow's life estate was sufficient to complete his child's title. If the deceased parent survived the testator, the child took by substitution in his place; but if he died in the life-time of the testator, the child's title was by direct and original gift.

We see no necessity for a re-argument and shall therefore overrule the motion.

*Motion overruled as unnecessary.*

(Decided 11th October, 1893.)