## LIDA R. LANSDALE et al.

*vs.*

## J. CHARLES LINTHICUM.

*Construction of Will—Vesting of Remainders—Such Children as Survive—Divesting Clause.*

Where testatrix, after giving a life estate to her husband, continued: "And upon the death of my said husband, I give, devise and bequeath all said residue of my estate and property absolutely, evenly and equally unto such of my three children (naming them) as shall be then living, and the surviving issue of any who shall have previously departed this life," the issue of a deceased child to take "only the portion which the parent would have taken had he or she survived my said husband," the words "then living" refer to the time of the husband's death, and the evident intention was to postpone until then the vesting of the remainders.                                                  p. 158

While the law favors the early vesting of estates, testator may fix the period of vesting, and make it depend upon a contingency.
                                                                                    p. 158

Testatrix having fixed her husband's death as the time for the vesting of the remainders, and having described those who were to take at that time as such of her children as were then living and the issue of any deceased child, only those coming within that description at the death of her husband can take under the will.                                             pp. 158, 159

Where, after giving a life estate to her husband, testatrix gives vested remainders to her children, with a provision that in case any child dies before the husband, the child's share shall go to the child's issue, any child's interest is subject to be divested by his death before the husband, and in such case no conveyance or encumbrance placed upon the child's share during his life can affect the right of the issue.                               p. 159

*Decided June 28th, 1921.*

Appeal from the Circuit Court of Baltimore City (HEUIS-LER, J.).

Bill by Lida R. Lansdale and others against Frances Adele Seibert for a partition sale of certain property. From a decree sustaining exceptions to the sale, filed by J. Charles Linthicum, the purchaser at such sale, said Lida R. Lansdale and others appeal. Reversed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John Hubner Rice* and *John Hinkley,* with whom was *James P. Walsh* on the brief, for the appellants.

*Marcus A. Tregor* and *J. Paul Schmidt,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

In July, 1909, Margaret A. Eppley, of Baltimore City, Maryland, died seised and possessed of four parcels of land, and improvements thereon, known as Nos. 2416 and 2418 Maryland Avenue and Nos. 108 and 117 West 24th Street, in Baltimore City.

Mrs. Eppley was survived by her husband, Julius A. Eppley, a son, Everett S. Eppley, a daughter, Eliza R. Lansdale, wife of Herbert P. Lansdale, and a daughter, Frances Adele Seibert, who was divorced from her husband, Wilson R. Seibert, in July, 1919. She also left a last will and testament by which she disposed of her property as follows:

> "After the payment of my just debts, if any, and funeral expenses, and the cost of settling up my estate, I give, devise and bequeath all the rest, residue and remainder of my estate and property of every kind wheresoever situate, unto my said husband, Julius A. Eppley, for the full term of his natural life only, expecting him to pay the taxes and other charges thereon and keep up the insurance. Upon the death of my said husband, I give, devise and bequeath all said residue of

> my estate and property absolutely, evenly and equally
> unto such of my three children, Frances Adele Seibert,
> wife of Wilson R. Seibert; Eliza R. Lansdale, wife of
> Herbert P. Lansdale, and Everett S. Eppley, as shall
> be then living, and the surviving issue of any of them
> who shall have previously departed this life; the issue
> of a deceased child to take, by representation, only the
> portion which would have gone to the parent had he or
> she survived my said husband."

Everett S. Eppley, the son of the testatrix, died in January, 1919, leaving as his only descendant a daughter, Margaret Goldsborough Eppley, who was born in 1904, and who survived the life tenant and resided with her aunt, Mrs. Lansdale, in Rochester, New York.

Julius A. Eppley, the husband, died in July, 1920, and in August, 1920, Mrs. Lansdale and her husband and the infant daughter of Everett S. Eppley, by her next friend, filed a bill in the Circuit Court of Baltimore City against the other daughter of the testatrix for a sale of the property on the ground that it was not susceptible of partition, and a division of the proceeds. The two Maryland Avenue lots were sold by the trustee appointed by the court to the Hon. J. Charles Linthicum, who afterwards filed exceptions to the sale because, as alleged, all parties in interest had not been made parties to the proceedings and the trustee could not therefore convey a good and merchantable title to the property, and this appeal is from the decree of the court below sustaining the exceptions on the ground that Everett S. Eppley took under the will a vested remainder in the property so devised and sold, which became subject to the lien of judgments recovered against him, and that neither his executor nor judgment creditors had been made parties to the cause.

After providing a life estate for her husband, the testatrix then says in her will:

> "And upon the death of my said husband, I give, devise and bequeath all said residue of my estate and

property absolutely, evenly and equally unto such of
my three children (naming them), as shall be then liv-
ing, and the surviving issue of any of them who shall
have previously departed this life."

The words "then living" clearly refer to the time of the
death of the husband of the testatrix, the life tenant, and as
the will describes those who were to take in remainder as
"such" of her children as were living at the death of her hus-
band and the "surviving issue" of any of them who had died,
the evident intention of the testatrix was to postpone the vest-
ing of the remainders until the death of her husband. The
devise was not to the testatrix's children, but only to *"such
of"* them as were living at the death of her husband and the
"surviving issue" of "any of them who shall have previously
departed this life." That the testatrix intended to fix the
death of her husband as the time for the vesting of the re-
mainders is further indicated by that part of the same clause
of the will which fixes the share the issue of a deceased child
was to take as the share that would have gone to the parent
"had he or she survived my said husband."

While the law favors the early vesting of estates, the set-
tled rule is that a testator has the right to fix the period of
vesting, "and to make it depend upon a contingency, and
when he has done this with reasonable certainty, his wishes
will prevail and the estate will not vest until the happening
of the contingency." *Larmour* v. *Rich,* 71 Md. 369; *Poult-
ney* v. *Tiffany,* 112 Md. 630; *Booth* v. *Eberly,* 124 Md. 22.

The testatrix having by her will fixed the death of her hus-
band as the time for the vesting of the remainders, and hav-
ing described those who were to take at that time as such of
her children as were then living and the issue of any deceased
child, only those coming within that description at the death
of her husband can take under the will. *Demill* v. *Reid,* 71
Md. 171; *Small* v. *Small,* 90 Md. 550.

As Everett S. Eppley, the son of the testatrix, died before
her husband, leaving one child, his daughter, Margaret Golds-

borough Eppley, who survived the life tenant, said daughter took under the will the share that her father would have taken had he survived the husband of the testatrix, and her one-third interest in the property was not affected by his will or by any judgments recovered against him.

In the case of *Kemp* v. *Bradford,* 61 Md. 330, relied on by counsel for the appellee, the Court bases its decision upon the case of *Blanchard* v. *Blanchard,* 1 Allen (Mass.) 223, where the testator gave all his property after the death of his wife to his children, naming them, and further provided that if any of his children should die before his wife the property should be equally divided between his surviving children, unless the one so dying left issue, in which case his share should go to his issue, and the court, in construing the will and holding that the children took vested remainders, defeasible upon a condition subsequent, said: "There are no words of contingency, such as, 'if they be living at her death,' or 'to such of them as shall be living,' the usual and proper phrases to constitute a condition precedent."

The reasoning of the court in *Blanchard* v. *Blanchard, supra,* therefore fully sustains the conclusion that in this case the children of Mrs. Eppley took only contingent remainders in her estate, and that the vesting of their interests was dependent upon the contingency of their surviving the life tenant.

But even if we were to hold, as contended by the appellee, that Everett S. Eppley, upon the death of the testatrix, took a vested remainder in her estate, it is clear that the testatrix intended his share to go to his issue in case he died before her husband; that his interest was not an absolute fee, but was subject to be divested in favor of his issue in case he died during the lifetime of the devisee for life, and that no conveyance or encumbrance placed upon the property during his life could have affected her right. *Engel* v. *State, use of Geiger,* 65 Md. 539; *Straus* v. *Rost,* 67 Md. 465; *Cox* v. *Handy,* 78 Md. 108; *Williams* v. *Armiger,* 129 Md. 222.

As the three children of the testatrix took at her death contingent remainders in her estate, and as the estate upon the death of the life tenant vested in the two surviving daughters of the testatrix and the daughter of her deceased son, Everett S. Eppley, all of whom were parties to the proceedings under which the properties in question were sold, the title to said properties is not open to the objection made by the purchaser, and we must therefore reverse the decree from which this appeal was taken.

*Decree reversed with costs and cause remanded in order that a decree may be passed in accordance with the opinion of this Court.*