MERWYN K. LEE ET AL., EXECUTORS, ET AL.

*vs.*

MARY M. K. WALTJEN ET AL.

*Construction of Will—Vested and Contingent Remainders.*

Under a devise to three persons as tenants in common for life, with a provision that at the death of any one of said life tenants, his or her share should go to his or her children, and in the event of a life tenant dying without leaving any child, such share to go to the children of the other life tenants, the children of a life tenant took vested remainders, regardless of whether they survived him.                    pp. 452-455

That the will, in creating, by some clauses, life estates with remainder to the children of the life tenant, restricted the gift to the children who survived the life tenant, tends to show that a gift in remainder to the children of a life tenant, which omitted such qualification as to survivorship, intended no such restriction.                                                         p. 455

The fact that, in connection with a gift in remainder to the children of a life tenant, there is a limitation over in case the life tenant dies without leaving children, does not make the gift to the children contingent.                    pp. 453, 455

In the case of a gift to one for life with remainder to his children, the fact that one of the children, in being at the date the will became effective, might die before his father, the life tenant, did not render the remainder contingent, and, upon the death intestate of such child before his father, the child's interest passed to the child's widow and child.                    p. 457

*Decided June 23rd, 1922.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Petition by Mary R. Brown Lee against Mary M. K. Waltjen and the Safe Deposit and Trust Company, guardian of Frank S. R. Brown, Jr., asking a construction of the will of Prudence A. Patterson, deceased. Subsequently, upon petition by Merwyn K. Lee and Louis J. Burger, executors of said Mary R. B. Lee, and Merwyn K. Lee, sole devisee under the will of said Mary R. B. Lee, reciting her death, said petitioners were made parties plaintiff to the petition filed by her. From the decree rendered, said Merwyn K. Lee and Louis J. Burger, executors, and Merwyn K. Lee, appeal. Affirmed.

The cause was argued, together with that next following, before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John Hinkley* and *Charles McH. Howard,* for the appellants.

*Joseph C. France* and *Leigh Bonsal,* with whom was *Frank V. Moale* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Prudence A. Patterson, who died in 1883, devised certain real estate in the City of Baltimore to her nieces, Ruth A. Payne and Emma Mordecai, and her nephew, Frank Brown, subsequently Governor of Maryland, as tenants in common for life, and provided that "at the death of any one of said life tenants, the share of the one so dying is to go to his or her legitimate children and in the event of such life tenant dying without leaving such child or children, then such share is to go to the child or children of the other life tenants per stirpes and not per capita." The property thus devised was sold in 1905 under a decree of the Circuit Court of Baltimore City, and the sum of $6,895, being onethird of the net proceeds of the sale, was distributed to a trustee, appointed by the decree, to be held subject to the

life estate created by the will for the benefit of Governor
Brown and to the interests of those entitled in remainder.
On February 3, 1920, Governor Brown died, leaving a
daughter, Mary R. Brown Lee, and an infant grandson,
Frank S. R. Brown, Jr., whose father, Frank S. R. Brown,
had died in 1918. The daughter, Mrs. Lee, is now deceased,
and her husband, Merwyn K. Lee, is the sole devisee under
her will. The son, Frank S. R. Brown, left a widow, who
has since remarried and whose present name is Mary M. K.
Waltjen. In view of the testamentary provision under
which the trust fund referred to is held, we are to determine
whether it should go as a whole to the estate of the daughter
of the life tenant who survived him, or should be distributed
in the proportions of one-half to her estate and one-half to
the child and widow of his predeceased son. The latter
method of distribution was approved by the court below,
and the executors and beneficiary of the daughter's will have
appealed.

. The essential inquiry in the case is whether the estate
devised in remainder to the children of the life tenant was
vested or contingent. It appears from the record that his
son and daughter were both born during the lifetime of the
testatrix, and before the execution of a codicil confirming
the provision of her will which we have quoted, and she
may be presumed to have had them in mind when she
devised the property at the death of the life tenant to his
children. But it is said that the limitation over in the event
of the life tenant "dying without leaving such child or chil-
dren" indicates an intention that a child who died before the
expiration of the life estate was not to have an interest in
the property devised.

The contingency upon which the limitation over was to
become effective did not in fact occur. The life tenant did
not die "without leaving such child or children," and hence
those who might have claimed to be entitled if that contin-
gency had happened, are not concerned in this litigation.

If the estate devised to the children of Governor Brown was a vested but defeasible remainder, it has never become divested, as to either of them, because the possibility of its defeasance was obviated by the actual event.

In *Tayloe* v. *Mosher,* 29 Md. 455, this Court said: "The fact that an estate is liable to be divested in whole or in part upon a contingency, does not make it a contingent estate." This statement was quoted and emphasized in the opinion delivered in *Roberts* v. *Roberts,* 102 Md. 149. It was said in *Dulany* v. *Middleton,* 72 Md. 75: "The contingent event, provided for in the will, of the death of the devisee and legatee for life without leaving issue, and the limitation over of the property thereon, does not, as contended on the part of the appellants, render the gift or devise to the children of such devisee or legatee contingent, and forms no ground for postponing the vesting of the interest devised." In the construction of the will in this case we must, therefore, proceed upon the theory that the devise in remainder to the children of the life tenant is not rendered contingent by the succeeding limitation to others upon the contingency specified. It is simply necessary to decide whether the remainder was originally vested.

The law favors the earliest vesting of estates. In *Swift* v. *Cook,* 133 Md. 653; *Martin* v. *Cook,* 129 Md. 198; *Tayloe* v. *Mosher, supra,* and other cases, it was said: "Estates will be held to be vested whereever it can fairly be done without doing violence to the language of the will, and to make them contingent there must be plain expression to that effect, or such intent must be so plainly inferable from the terms used as to leave no room for construction." It has been held to be a general principle that "any devise or bequest in favor of a person or persons *in esse,* whether such persons be individualized or treated as a class, unless there be some clearly expressed desire or some manifest reason for suspending or deferring the time of vesting, confers an immediately vested interest, though the time of possession or enjoyment may

be postponed." *Dulany* v. *Middleton, supra.* Approval has been given by this Court to the rule stated in *Moore* v. *Lyons,* 25 Wend. (N. Y.) 144, that "where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession." *Lewis* v. *Payne,* 113 Md. 135; *Cox* v. *Handy,* 78 Md. 121.

In the case last cited there was a devise to the testator's wife for her life, and it was provided that after her death the property should be sold, if a sale were necessary for equal partition, or, if divisible without a sale, should be divided among his children equally, "the child or children of any deceased child to take the portion to which the parent if living, would have been entitled." It was decided that a vested remainder was devised to each of the testator's children, subject to be divested in the case of any remainderman who might die leaving children in the lifetime of the devisee for life, but not subject to such defeasance as to any remainderman dying without children during that period. The estate devised to the testators' children was held to be vested at the time of his death, although it was only as the result of a sale or division directed to be made after the death of his widow that they could receive their respective portions.

This conclusion was reached notwithstanding the further provision that the child or children of any deceased child of the testator should take the share to which the parent "would have been entitled," if living. The language of this contingent limitation was not regarded as indicating an intention on the part of the testator to postpone the vesting of the primary remainder until the life estate had expired. As

such a purpose was not clearly evident from the terms of the will, an earlier vesting was held to have resulted.

The devise in this case was to Governor Brown for life with remainder to his children, and with a limitation over if he died without a child or children surviving. The estate limited to the children in remainder was not qualified by any condition as to their survivorship beyond the period of their father's life. The significance of such an omission is emphasized in the case of *Lansdale* v. *Linthicum,* 139 Md. 155. There was no expressed or plainly inferable intention that the vesting of the remainder should be postponed, nor was there any specified contingency upon which the vesting in the children was made dependent. It could not be held, consistently with the principles of construction and the decisions to which we have referred, that the vesting in interest of the remainder devised to the children of the life tenant was to be delayed until his estate had terminated.

If the testatrix had intended that only such of Governor Brown's children as survived him should have a vested interest in the property devised, it is reasonable to suppose that she would have indicated that purpose by the use of the same terms which she took pains to employ in imposing limitations of that nature upon some of her other testamentary dispositions. There is a provision creating a life estate for certain nieces and nephews of the testatrix, with remainder, as to the share of each, to his or her children "who may be living at the time of his or her death," and if no child or children should survive, then to the other life tenants "who may then be living," and after their death "to such child or children as he or she may leave surviving." Another devise was to a nephew for life and after his death to his child or children "who may survive him," and a trust was created for the benefit of a cousin for life "with remainder to her children living at the time of her death." There were two other instances in which equivalent terms of survivorship were used. On the other hand, there was a disposition in favor

of a cousin' of the testatrix for life "and after her death to her children," and one for another cousin for life "with remainder to her children," without qualification as to their survivorship. The omission in the two provisions just noted, and in the particular clause under construction, to restrict the class of remaindermen to the children who survived the life tenant, could not safely be attributed to inadvertence, rather than to design, on the part of the testatrix. The distinction she has made in this respect between the provision here involved and other limitations in remainder tends to suggest that each should be interpreted according to its own special terms:

The decisions upon which the appellants rely were rendered in cases where the rule in favor of early vesting could not be given effect because the devises there under consideration disclosed a distinct purpose to the contrary. In *Larmour* v. *Rich,* 71 Md. 369, the limitation in remainder was created by a provision that "from and immediately after" the decease of the last survivor of seven life tenants *"then"* the estate should *"descend to and become the property of* their child or children respectively." The testator was held to have thus designated with reasonable certainty the time at which he wished the estate to "become" the property of the remaindermen. In *Poultney* v. *Tiffany,* 112 Md. 630, the remainder clause provided that "from and immediately after the death" of the life tenant, the trust should cease and the estate should "then become the property" of the remaindermen equally. The ruling in that case followed the decision in *Larmour* v. *Rich, supra,* which the Court distinguished from *Cox* v. *Handy, supra,* on the ground that in the latter case the testator had not clearly disclosed an intention to postpone the vesting in interest until the expiration of the life estate, and the rule in favor of early vesting could therefore be gratified. In *Bailey* v: *Love,* 67 Md. 592, and *Cherbonnier* v. *Goodwin,* 79 Md. 55, 'stress was laid upon the use of the words "from and after" the death of the life beneficiaries,

preceding a devise or bequest "then" in remainder, as manifesting an intention that the ultimate estate should not vest until that time. The cases of *Schapiro* v. *Howard,* 113 Md. 360, and *Stump* v. *Jordan,* 54 Md. 619, cited in the argument, were concerned with conditions and questions which were essentially different from those here presented. In *Reilly* v. *Bristow,* 105 Md. 326, the use and repetition of the word "then," in reference to a disposition in remainder after the expiration of life estates, was held to have controlling significance.

In this case the remainderman, whose interest is contested, was in being when the will creating the estate became operative. He was one of the children of Governor Brown to whom the will devised his share of the property after his death. The possibility that the son might die before his father, the life tenant, did not render his estate contingent. *Kemp* v. *Bradford,* 61 Md. 334. It was a vested estate in remainder which the will devised to the children of the life tenant, defeasible in the event, which did not occur, of his death without leaving any children. The condition of defeasance having failed, the estate of the children in remainder was not divested but became indefeasible, and the interest of the son, upon his death intestate, passed to his child and widow.

> *Decree affirmed, the costs to be paid out of the estate.*