# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 16, 1926.

---

THOMAS MACKENZIE, ET AL.,
VS.
THOMAS MACKENZIE, EXECUTOR, ETC.

---

PETITION OF JOHN A. REILLY, TRUSTEE,
VS.
THOMAS MACKENZIE, TRUSTEE.

---

*Thomas Mackenzie* for Thomas Mackenzie, trustee, and Charles M. Rahe, Jr.

*Edward H. Burke* for John A. Reilly, trustee in bankruptcy.

FRANK, J.—

The first question involved in this controversy is whether the interest of Charles M. Rahe, Jr., under the will of his father, Charles M. Rahe, was of such a character as to pass to the petitioner, John A. Reilly, Trustee in Bankruptcy of Charles M. Rahe, Jr. The testator died on September 12th, 1904, leaving a wife, Mary E. Rahe and eight children surviving him. Charles M. Rahe, Jr., was adjudicated a bankrupt on December 10th, 1923. The widow, Mary E. Rahe, died on December 28th, 1925.

If the bankrupt had in December, 1923, such an interest under the said will as he could have then transferred, his trustee in bankruptcy is entitled thereto. If, however, his said interest was not then alienable, it did not pass to his trustee under the provisions of Section 70 of the Bankruptcy Act.

After making certain provisions to have effect, during the lifetime of the widow, the will provided by Clauses D and E of paragraph Three as follows:

"D Upon the death of my wife, Mary E. Rahe, I direct that the whole corpus of my estate, including the dwelling and furniture devised to my wife for life, shall be divided into eight equal parts, and one of said parts shall be paid over by said trustee to each of my said eight children (should they then be living) excepting to the share of my said son John Gerhardt Rahe, which shall be held by the said trustee and invested and reinvested, and the net income only paid over to my said son, in quarterly installments, until he shall reach the age of forty (40) years, when the trust as to his share shall cease, and his portion of the corpus shall be paid over to him absolutely. But my said son shall have no power to anticipate said income, nor to assign it, and his receipt only shall be sufficient acquittance to the said trustee."

"E Should any of my said children die before my said wife, or should my said son John Gerhardt Rahe die before reaching forty years of age, leaving a child or children living, then the

share in the said corpus of the child so dying shall vest in the said child or children so left, to be paid over to them upon the death of my said wife. But should any of my said children die without leaving a child or children living at his or her death, then the said share in the corpus of the said child so dying shall vest in the survivors of my said children, and the child or children of any deceased child, the latter to take the share of its or their parent, to be paid over to them upon the death of my said wife, except as to any share that may pass to the use of my said son, John Gerhardt Rahe, which shall be held in trust as hereinbefore provided as to his share until he attains the age of forty years."

Testamentary dispositions of this general character are not infrequent and have given rise to much litigation. Roughly speaking they may be divided into three classes:

First: Dispositions to persons actually named or definitely described and determined in the will, such dispositions to take effect only upon the happening of some future contingency. Such interests even though contingent, are alienable and transmissible by descent and devisable. Fisher vs. Wagner, 109 Md. 243 and cases there cited.

Second: Dispositions *in futuro* to classes of persons, such as children, wherein either the language of the will expressly states that the persons to make up the class are determined as of the date of the death of the testator, or no language appears indicating an intention of the testator to postpone the period of such determination beyond the death of the testator. The law favors the early vesting of estates. In both of these cases, the individuals comprising the class at the death of the testator are held to take vested estates subject to be divested in whole or part to gratify the other requirements of the will as to matters happening between the date of testator's death and the date of the vesting of the estates in possession and enjoyment. Such interests, being vested, are alienable and transmissible, subject to being divested in whole or part in whomsoever's hand they may be. Taylor vs. Mosher, 29 Md. 443; Dulaney vs. Middleton, 72 Md. 67; Roberts vs. Roberts, 102 Md. 131; Lee vs. Waltjen, 141 Md. 450; Cole vs. Safe Deposit & Trust, 143 Md. 90.

Third: Dispositions *in futuro* to classes of persons, the will containing words postponing the determination of the actual persons to compose the class, until some future happening, often the death of the tenant of a particular estate. The interests of persons comprising such classes are contingent upon their being *in esse* at the time of such happening. Indeed they are not in the class unless then *in esse*. Such interests are neither alienable, or transmissible. Lee vs. O'Donnell, 95 Md. 538; Lansdale vs. Linthicum, 139 Md. 155; Stahl vs. Emory, 147 Md. 123 and cases there cited.

In the will of Mr. Rahe, after the provisions for the benefit of his wife and for the payment of a balance of net income in quarterly installments to his eight children during the life of the wife, the testator directed that upon the death of the wife the whole corpus of the estate shall be divided into eight equal parts and one of said parts shall be paid to each of the eight children, "should they *then* be living," except in the case of one son. Should any of said children die before the wife leaving a child or children living, *"then* the share in the said corpus of the child so dying shall vest in the said child or children so left, to be paid, over to them upon the death of my said wife." If any of testator's said children die "without leaving" children living at his or her death, *then* the said share in the corpus of the said child so dying, shall vest in the survivor of my said children * * * to be paid over to them upon the death of my wife." (Italics mine.)

The division of the corpus of the estate into eight equal parts is to be made only upon the death of the wife, the payment of one of the eight parts to each of testator's eight children only if they be then living. "Should they be then living," can have only the meaning, "provided that," or "in condition that," or "only if," they be then living. Should any of testator's children die before his wife then provision is made for the passage of his share upon her death. The distinction is between phrases such as the above which are said to be "the usual and proper phrases to constitute conditions precedent," and in their absence the use of such phrases as "from and immediately after the death, etc.," which are often held to refer merely to the time of possession and enjoyment. Cole

vs. Safe Deposit & Trust Co., 143 Md. 90, 96, and cases there cited.

I have been referred to no case holding a vested remainder to have been created where such words constituting condition precedents were used.

I am of the opinion that the provision thus made for the benefit of Charles M. Rahe, Jr., belong to the third class of cases above enumerated and in December, 1923, over two years before his mother's death, Rahe, Jr., did not have such a vested estate as was alienable or transmissible and thus did not pass to his trustee in bankruptcy, the petitioner herein.

As to the small amount of income in the hands of the trustee under the will, it was directed to be paid to Rahe, Jr., "without power * * * to anticipate his * * * share of said income, and the receipt * * * of said (Rahe, Jr.). * * * alone to be a sufficient acquittance to the said trustee." The trustee could not be protected in making payments of income except by Rahe's receipt. He could not administer the trust according to its terms without such receipt. This, of course, could not be secured by a payment to the trustee in bankruptcy or any other person than Rahe. I hold that a spendthrift trust was intended by the testator. Smith vs. Towers, 69 Md. 88; Jackson Sq. Assn. vs. Bartlett, 95 Md. 661, 662.

The trustee in bankruptcy is not entitled to such income.

I shall sign a decree in accordance herewith.