# WILLIE G. OFFUTT *vs.* FRANCES M. JONES.

*Appointment of Trustee in Equity—Jurisdiction of Equity to Order Sale of Land Held as Investment by Trustee—Parties.*

When a fund is bequeathed to a trustee with directions to pay the income to a tenant for life and upon his death to his wife and children, and the trustee nominated in the will declines the trust, a Court of equity has jurisdiction, upon the petition of the *cestui que trust,* to appoint a trustee.  The executor of the will and remaindermen after the life estate are not such necessary parties that their absence from the proceedings renders the appointment void.

A trustee who held a sum of money in trust for a life tenant with remainder to certain parties was authorized by a Court of equity, which had assumed jurisdiction over the trust, to invest a certain part of the trust fund in the purchase of a farm for the use of the *cestui que trust.*  Afterwards, upon petition of the trustee, the life tenant and his wife, the trustee

was directed to sell the farm and reinvest the proceeds. The farm was sold and the purchase money paid, but the sale was not reported to the Court for ratification. Eight years afterwards a substituted trustee reported the sale. Under exceptions to its ratification, it was objected that the order authorizing the sale was invalid because the remaindermen in fee after the life tenant were not parties to the cause. *Held,* that since the trust property originally consisted of money, some of which was invested in a farm, and since the sale of the farm was made only for the purpose of changing the investment, it was not necessary that the persons having contingent interests after the life estate should be made parties to the cause, and that the sale is valid, being made under the general power of chancery, to direct a change in the investment of a trust fund.

*Decided February 10th 1909..*

*Opinion upon motion for re-argument June 28th 1909.*

Appeal from the Circuit Court for Montgomery County (HENDERSON, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Thos. Dawson* and *Alexander Kilgour,* for the appellant.

*Robert B. Peter,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Montgomery County, overruling exceptions, ratifying and confirming a sale of real estate made by Frederick W. Jones, trustee to one Julian Hite Miller, of Montgomery County.

The facts of the case are set out in the record and appear to be these: Hilleary L. Offutt, of Montgomery County, departed this life in the year 1878, leaving a last will and testa-

ment, which was duly admitted to probate by the Orphans' Court of Montgomery County on the seventeenth day of September, 1878.

The will and testament contains the following bequest: I give and bequeath to William L. Dunlop, of Georgetown, D. C., the sum of nine thousand dollars, to be held by him in trust, and to be by him invested in such manner as he may deem most prudent and safe, the interest arising therefrom to be applied by him annually for the maintenance and support of my son, Willie G. Offutt, for and during his natural life, and the same to be free from all liability for any debts which may now exist against the said Willie G. Offutt, or which may be hereafter contracted by him; and in the event that the said Willie G. Offutt should be married and die, leaving a wife and child or children, then the said nine thousand dollars is hereby directed to be paid over the wife and child or children in the proportions which they would take under the laws of Maryland, if the same had belonged to the said Willie G. Offutt; and in the event he should die, leaving a child or children begotten in lawful wedlock him surviving, then the said nine thousand shall be paid over to such child or children; and in the event he should die leaving a wife and no child or children him surviving, then the said nine thousand shall be held by the trustee, and the annual interest arising therefrom paid over to the wife for and during her natural life; and upon the death of the said Willie G. Offutt and a failure to leave a wife and child or children, as above stated, I then will and direct that the said nine thousand dollars shall be distributed amongst the parties named hereafter in the residuary clause of this, my will, and in the proportions therein set forth.

William L. Dunlop, declined to accept the trust, and upon the petition of Willie G. Offutt, and the answer of Dunlop, the Circuit Court for Montgomery County, on the 8th of February, 1879, appointed Frederick W. Jones, of Georgetown, D. C., trustee, in place of Dunlop, to collect and receive the sum of nine thousand dollars and to hold and invest the

same and to pay out the income derived therefrom according to the provisions of the will.

On April 17, 1879, Jones, trustee, who had qualified, as such, according to the requirements of the order of appointment, filed a petition in the Circuit Court for Montgomery County, alleging, among other things, as follows:

Your trustee and petitioner would further represent that the said Willie G. Offutt is in no business, and that it would be to his interest and advantage to have a portion of said sum of nine thousand dollars invested in a farm and farming implements and stock to carry on the same, in order that said Willie G. Offutt, might have the use and benefit thereof.

Your petitioner would, therefore, pray your Honorable Court to pass an order authorizing and empowering him to invest a portion of said sum of nine thousand dollars, not to exceed six thousand dollars, in purchasing a farm and supplying the same with stock and farming implements for the use and benefit of said Willie G. Offutt, under the provision of the last will and testament of Hilleary L. Offutt, deceased.

On the same day, the Court, passed the following order: "Ordered that the prayer of the petitioner be granted, and that Frederick W. Jones, the within named trustee, be and he is hereby authorized and empowered to expend a sum not exceeding six thousand dollars of the nine thousand dollars devised in trust to and for the use of the said Willie G. Offutt, by the last will and testament of said Hilleary L. Offutt, deceased, in purchasing a farm and supplying the same with stock and farming implements for the use and benefit of said Willie G. Offutt."

It appears, that the farm which is here the subject-matter of this controversy, was purchased by the trustee, under the order here set out, and Offutt resided thereon until the year 1890.

Subsequently, on the 3rd of March, 1890, the Circuit Court for Montgomery County, upon a petition by the trustee, Willie G. Offutt, and his wife, for reasons stated therein,

directed and ordered the trustee, Jones, to sell the real estate and personal property, heretofore purchased by him, and to hold the funds of the sale or sales upon the trusts created by the last will and testament of Hilleary L. Offutt, deceased.

On April 9, 1890, the trustee sold and conveyed the farm in question, to Julian Hite Miller, for the sum of ten thousand dollars, but never reported the sale to the Court.

It further appears, that on July 20, 1891, one Mills Dean, was appointed trustee, in the place and stead of Frederick W. Jones, deceased, and upon the death of Dean, Bettie Offutt, the wife of Willie G. Offutt, was by an order of Court, passed on the 31st of July, 1896, appointed trustee, and on the 21st of May, 1908, reported the sale of the property for the ratification of the Court.

Afterwards, on the 15th day of June, 1908, exceptions were filed to the sale by Willie G. Offutt, Bettie C. Offutt, his wife and two of their children. Mrs. Offutt, one of the exceptants, is also the trustee, who reported the sale, and states in her petition that she had no personal knowledge of the facts stated in the report, the affidavit thereto was inadvertently made, and that Jones, the trustee had no power to make the sale.

The ratification of the sale is objected to for several reasons, but those mainly relied upon by the appellants, are first, because the Court was without jurisdiction of the parties or subject-matter, in passing the order, dated February 8, 1879, on the petition of Willie G. Offutt, appointing Frederick W. Jones, trustee, in place of Wm. L. Dunlop, who declined to accept the trust, and secondly, that the purchase of the farm by Jones, trustee, under the order of February 17, 1879, was a change of the investment into real estate and the subsequent sale, the one here in question was passed in a cause wherein none of the parties in interest in remainder in fee were parties to the proceedings.

The questions here presented, are without serious difficulty.

Whatever confusion and conflict may exist in the decisions in other States as to the notice necessary to confer jurisdic-

tion upon a Court of Equity to appoint a trustee whenever there is a vacancy and the declaration of trust fails to provide a method therefor, there can be none in this State.

By section 90, Art. 16, Public General Laws (1904), it is provided, where any person ·dies and leaves real or personal property to be sold for the payment of debts or other purposes and shall not appoint any person to sell and convey the same or if the person appointed dies or neglects, or refuses to execute such trust, the Court upon the petition of any person interested in the sale of such property may appoint a trustee to sell and convey the same and apply the money arising from the sale to the purposes intended. This section of our present Code (1904) which was originally enacted as far back as 1785, Ch. 72, sec. 4, has been repeatedly before this Court for construction, and as late as *Kennard* v. *Bernard,* 98 Md. 518, it was held, under the provisions of the Code, Art. 16, sec. 79 (now sec. 90), upon the petition of any person interested in the property the Court may appoint the trustee. *Fulton* v. *Harman,* 44 Md. 251; *Zimmerman* v. *Fraley,* 70 Md. 566; *Sloan* v. *Safe Deposit Co.,* 73 Md. 245.

The case of *Hawkins* v. *Chapman,* 36 Md. 84, relied upon by the appellants is entirely unlike the case at bar. In that case the bill was filed practically to foreclose a deed of trust which had been executed for the purpose of securing and indemnifying certain parties named therein for certain securityships which they had entered into, and the Court very properly held, that the heir at law must be made a party.

The petition in the case at bar was filed in a proceeding simply for the appointment of a trustee to execute certain trusts and powers under a will where the person appointed declined and refused to execute them.

There is no force, then, in the objection here urged, to the ratification of this sale, and the appointment of Jones, trustee, in the place of Dunlop, was validly made.

The second objection, we think, is also without merit. It clearly appears that the Court assumed jurisdiction of the trust estate by its order of February 9, 1879, appointing

Jones, trustee, and there can be no question that it had power
by its order of April 17, 1879, to direct an investment of all
or a portion of the fund, in real estate. The purchase of the
land was simply an investment for the benefit of the trust
estate, and was by the terms of the order held upon the trust
created by the will. The property left in trust consisted of a
bequest of nine thousand dollars, personal property and the
manifest object and purpose of the will was that the fund
should remain personalty because the will provides that
should he (Offutt) be married and die leaving wife and chil-
dren, then the fund was thereafter to be paid by the trustee
to the wife and children, in the proportions which they would
take under the laws of Maryland.

While the money was invested in land, it was to be held as
personalty and treating it here as such for the purposes of
the trusts under the will, it was clearly not necessary to make
all persons interested in the fund parties to the proceeding.

The order of March 3rd, 1890, directed the sale of the land
which was held for the benefit of Offutt, and its reconversion
into personalty and the trustee was to hold the proceeds of
the sale, upon the trusts created by the will. In *Dunnington*
v. *Evans et al.*, 79 Md. 92, it is said: "While it may be con-
ceded that ordinarily a Court of equity should not order a
sale of trust property without notice to the *cestuis que trust*.
yet it is equally well settled that under our chancery practice
a sale for the purpose of a reinvestment may be ordered
whenever, on a full presentation of the facts, the Court hav-
ing jurisdiction over the administration of the trust estate,
may, in its best judgment and judicial discretion, determine
such a course to be for the interest of the beneficiaries. To
require an original proceeding by petition or bill against the
*cestuis que trust,* the appointment of guardians *ad litem,* the
taking of testimony, and in general the same proceedings as
on a bill for sale, would not only cause great delay, but un-
necessary expense in making investments by trustees. While
there may be many cases in which the Court would deem it
proper to give the *cestuis que trust* notice before ordering a

sale for re-investment, yet we do not think such a course is necessary to confer jurisdiction for such a purpose. In the case we are examining, the sale was made, as we think fully appears by the petition filed by the trustee, for the purpose of getting rid of property not considered a good investment for the reasons set forth in the petition, and for the purpose of re-investing the proceeds. The Court having the authority to order the sale, and re-investment of the proceeds, all the parties are bound." And to the same effect are the cases of *Long* v. *Long*, 62 Md. 33, and *Burroughs* v. *Gaither*, 66 Md. 185.

We fail to find in the record any sufficient ground for vacating the sale. There is nothing that discloses irregularity, fraud or misrepresentation and the sale appears to have been fairly made.

For the reasons given, the order of Court overruling the exceptions and ratifying the sale, will be affirmed.

*Order affirmed, with costs.*

A motion for a re-argument was made and in disposing of the same,

BRISCOE, J., delivered the opinion of the Court.

The motion for re-argument of this case will be overruled.

We find no reason for disturbing the decree passed by this Court on the 10th day of February, 1909, affirming the final order of ratification of sale passed by the Circuit Court for Montgomery County, or the conclusion reached by us at that date upon the merits of the controversy.

The opinion, however, filed in support of the decree, affirming the order appealed against, will be modified, in so far as the decision turned upon the application of the Act of 1785, Ch. 72, sec. 4 (Code, Art. 16, sec. 90). This section of our present Code (Art. 16, sec. 90) applies where any person dies and leaves real or personal property to be sold for the payment of debts or other purposes * * * , the Court, upon the petition of any person interested in the sale of such property, may appoint a trustee to sell and convey the same and

apply the money arising from the sale to the purposes in-tended. *Fulton* v. *Harman*, 44 Md. 251; *Kennard* v. *Bernard*,, 98 Md. 518; *Sloan* v. *Safe Deposit Co.*, 73 Md. 245.

We all agree, upon a further consideration, that the pro-visions of Mr. Offutt's will, wherein he bequeathed the sum of nine thousand dollars to be held, by Dunlop, "in trust and to be by him invested in such manner as he may deem most prudent and safe, the interest arising therefrom to be applied by him annually for the maintenance and support of his son, Willie G. Offutt, for and during his natural life," do not fall within the application of the statute above cited.

But, apart from this, we are of the opinion that the ap-pointment of Frederick W. Jones as trustee in place of Dun-lop, on the 8th of February, 1879, under the facts of this case, was a valid appointment, and the absence of the execu-trix as a party was an omission and irregularity that did not render the appointment void.

The only objection urged by the appellant to its validity is the supposed want of jurisdiction in the Court to pass the order making the appointment because of the absence from the case of necessary parties.

The jurisdiction of a Court of equity in a proper case to fill a vacancy in a trusteeship is admitted by the appellant, and is fully supported by authority. *Hawkins* v. *Chapman,* 36 Md. 97.

While the general rule in suits respecting trust property undoubtedly is that the *cestui que trust,* as well as the trustee, are necessary parties, this Court has recognized the doctrine that where the suit is simply to recover or regulate the invest-ment of the trust funds and does not affect the relations be-tween the trustees and the *cestui que trust,* the latter are not necessary parties. *Stewart and Duffy, Trustees,* v. *Firemen's Ins. Co.,* 53 Md. 564; *Dunnington* v. *Evans,* 79 Md. 92; *Miller's Equity,* sec. 44.

In *Ency. of P. & P.,* Vol. 22, pp. 25, 26, 27 and 28, the following general statement of the law will be found supported by numerous authorities: "It is undoubtedly proper and usual

in most cases to call those more immediately interested before the Court, that they may be heard in the appointment of a new trustee. But this is not necessary, and the failure to do so will not render the appointment void.

"In a proceeding simply for the appointment of a trustee to execute trust duties and powers where no settlement of accounts is involved, it is a matter of discretion with the Court as to whom and what, if any, notice shall be given."

"Where an accounting and settlement by the former trustee is also sought, all parties in interest are necessary parties, and upon this ground many of the cases holding that notice is necessary may be distinguished."

"It is usually held that the proceedings for the appointment of a new trustee in the case of a vacancy in the trust are summary, and that the proper form of application is by petition and not by formal bill."

But assuming it was necessary to make all persons in interest parties to the proceeding for the appointment of a new trustee to succeed Dunlop on February 8th, 1879, now over thirty years ago, and inquiring who were the persons interested in the trust estate at that time who could have been made parties, we find, as the appellant admits, they were Anna M. Offutt, the executrix of the will, who had the trust fund in her hands, and the *cestui que trust* then *in esse.*

Under the facts of this case, the executrix must have known of the existence of the proceedings for the appointment of the new trustee in ample time to have intervened therein for the protection of the trust fund if she had desired to do so. The renunciation of the trust by Dunlop was filed in the Orphans' Court, where she was administering her husband's estate, before or on the day of the institution of the proceedings for the appointment of the new trustee by Willie G. Offutt, and can it be argued that she was unaware of the fact? Furthermore, the demand upon her by Jones, as the new trustee for the trust fund, fully advised her of the fact that he claimed the fund as Dunlop's successor. She was thus warned before she parted with the trust fund and in ample time to have called in

question, if she had desired to do so, the propriety of the selection of Jones as trustee. She was as fully bound by the order appointing the new trustee as if she had been a formal party to the case. Her absence from the case as a formal party can therefore afford no just ground for denying the jurisdiction of the Court to pass the order.

In *Albert* v. *Hamilton*, 76 Md. 311, it is said the rule is established, "that persons who are directly interested in the suit and have knowledge of its pendency and who refuse or neglect to appear and avail themselves of their rights are concluded by the proceedings as effectually as if they were parties named in the record." See also *Robbins* v. *Chicago*, 4 Wall. 672; *Parr, etc.,* v. *State,* 71 Md. 236.

According to the record, Willie G. Offutt, who was a party to the proceeding, is the only *cestui que trust* who appears with certainty to have been then alive.

The ages of his children, as testified to in the record, show that none of them had been born.

The testimony does not show that he had been married in February, 1879.

If he was married his wife has participated in so many acts of acquiescence and ratification since then that she cannot now be heard to question the validity of Jones' appointment.

We are, therefore, of the opinion there was no loss to the trust estate by the formal absence from the proceedings of anyone who could have been brought before the Court at the time of Jones' appointment as such trustee, and in view of this fact the appellants cannot be permitted, upon merely technical grounds, to call in question after an expiration of twenty-two years the validity of Jones' appointment as trustee, and to disturb the title of those who in reliance upon its validity parted in good faith with the purchase money of the farm sold by him.

For these reasons the motion for re-argument of the case will be overruled.

*Motion overruled, with costs.*