# WM. E. DAUGHTERS et al. *vs.* JOHN E. LYNCH, Administrator of EMELINE DAUGHTERS.

### *Construction of a Will—Vesting of Legacy.*

Testator gave the residue of his estate to a trustee directing him to pay the income thereof to testator's brother for life and after his death to pay $500 to E., and the remainder of the estate was then bequeathed to testator's son. E. died in the lifetime of testator's brother. *Held*, that the legacy of $500 was vested in E. upon testator's death and that upon the death of the life-tenant the said legacy is payable to E.'s personal representatives.

Appeal from an order of the Circuit Court for Worcester County (LLOYD, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James E. Ellegood*, for the appellants.

A brief for the appellee was filed by *Samuel H. Townsend* and *Melvin & Handy*, but the Court declined to hear counsel for the appellee.

JONES, J., delivered the opinion of the Court.

This suit was instituted on the equity side of the Circuit Court for Worcester County for the purpose of having construed the will of Gilliss J. Daughters which disposed of his property as follows:

"*Imprimis.* I wish all my just and lawful debts to be paid, and all charges for the decent interment of my body."

"*Item*, 2nd. I give, bequeath and devise all the rest and residue of my property, real, personal and mixed, to E. Stanley Toadvine, of Salisbury, Maryland, to hold the same in trust, to pay the net income of the said residue as fast as it may accrue to my brother, Isaiah Daughters, during his, the said Isaiah's, natural life, and after the death of the said Isaiah, my

will is that the said E. Stanley Toadvine shall pay to my wife, Emeline Daughters, five hundred dollars, and the remainder of all my estate, real, personal and mixed, I give, bequeath and devise, after the death of my said brother, Isaiah, to my son, William E. Daughters."

Isaiah Daughters, for whom the equitable life-interest was provided in the last recited item of the will, is dead. Emeline Daughters, the wife of the testator, died in the lifetime of the said Isaiah and before the termination of his life-estate in the property disposed of by the will. The administrator of Emeline Daughters asserts a claim to the five hundred dollars which the foregoing will directed to be paid to her at the death of Isaiah Daughters, and the contention here is between this administrator and the appellant, James E. Ellegood who, as assignee of William E. Daughters, claims the whole of the estate of the testator which, at the death of Isaiah Daughters, was in the hands of the trustee named in the will. Proper parties were made to the suit below and, after certain proceedings had, which it is not material to set out, the Court below by its decretal order allowed to the administrator of Emeline Daughters the five hundred dollars bequeathed to her by the will of her husband and to the apppellant, James E. Ellegood, assignee of William E. Daughters, the net balance of the estate of the testator. From this order the present appeal was taken on behalf of William E. Daughters and James E. Ellegood, his assignee.

This disposition of the estate in the hands of the trustee seems to be clearly in accordance with a proper construction of the will in question. The cardinal rule for construing wills is that the intention of the testator, as he has expressed and manifested it in his will, is to be ascertained and to be given effect, unless giving it effect will contravene some rule of law. This has become a trite observation in starting inquiries that are devolved upon the Courts in this connection and it need not be fortified with authorities. Reading the will here presented for construction according to its most obvious meaning there seems to be little doubt about the disposition the

testator intended to make of his estate. After the direction for the payment of his debts and funeral charges he gives all the rest and residue of his property of every description to the trustee named in his will in order that the income from the same may be paid to his brother Isaiah, during his, Isaiah's life.    With that object accomplished he then disposes of all this rest and residue after the death of his said brother by directing that five hundred dollars thereof be given to his, the testator's wife and the remainder to his son, William E. Daughters. The estate was a small one, "the rest and residue" of which the trustee in the will became possessed appearing to be less than a thousand dollars.    Taking this into consideration the main objects the testator had in view apparently were to provide first for his brother Isaiah during his life, and then for his wife.    That his wife was the next principal object of his bounty after his brother is manifested by his giving to her the bulk of the estate that was likely to be left for the trustee to dispose of according to the directions of the will.    What he gave to his wife was given unreservedly without the mention of any condition or contingency whatever.    Her right to it was fixed by the will with no uncertainty expressed in reference to it other than the uncertainty of the time of its enjoyment.    The will is a very simple one in its provisions consisting only of those which have been quoted and the testator's mind was directed solely to the making of those simple provisions of which one of the chief was that made for his wife.    It is but reasonable to suppose therefore that if he intended the vesting of the legacy given to his wife to depend upon any contingency or that her title thereto should be defeated by the occurrence of her death during the life-estate which he created, a circumstance that would readily suggest itself to be taken into consideration, he would have made such intention manifest in his will.    Not having expressed such an intention nor implied it in the terms or language of the will when construed fairly and according to its natural import, it is not to be imputed to him by a strained construction of what he put into the will or by reading into it something which he did not put there.

Again, the will gives to the wife, Emeline Daughters, the five hundred dollars, and the remainder of the estate of the testator to William E. Daughters, the son. The remainder here given to the son is not an estate in the whole property; but it is what remains of the property after taking therefrom the five hundred dollars. In no event therefore could William E. Daughters take the five hundred dollars or any more of the estate than what remained after taking therefrom this amount. Unless, therefore, the legacy to his wife vested in her at the death of the testator, in the circumstances which have transpired it is undisposed of by the will. That is to say the testator died intestate thereof. This is contrary to the scheme of the will by which the testator manifestly intended to dispose of the whole of his estate and the entire interest therein. The intention of the testator as it is manifested from the plain terms of the will is not contrary to any rule of law affecting its construction or its operation. On the contrary the construction of the will in question which has been indicated as the proper and the obvious one is in accordance with the rule of law which favors the early vesting of estates. In the case of *Meyer et al.* v. *Eisler, Trustee, et al.,* 29 Md. at page 33, it is said " the rule is, if the legatee be capable of taking, no mere postponement of the time of payment, will prevent his having a vested and transmissible interest." In the case of *Tayloe* v. *Mosher et al.,* 29 Md., at page 456, it is said, "to make an estate contingent, it *must appear* from the language used and the nature and circumstances of the case, that the time of payment was made the substance of the gift and that the testator meant that time as the period of vesting." And again, at page 457, " estates will be held to be vested wherever it can fairly be done without doing violence to the language of the will, and to make them contingent there must be plain expressions to that effect, or such intent must be so plainly inferrible from the terms used as to *leave no room for* construction." For a recent application of these principles by this Court reference may be had to the case of *Mercer* v. *Safe Deposit and Trust Company,* 91 Md 102. As appears from the

authorities, therefore, what has been seen to be the most obvious construction of the will in question is the one which the law favors. There is a further consideration why the legacy left to the testator's wife in the will should be held as having vested in her at the testator's death. The bequest was, by operation of law, in bar of her share in her husband's estate, Code, Art. 93, sec. 291; *et seq.*, and in accepting it she is to be " considered as a purchaser with a fair consideration," Code, Art. 93, sec. 295. It is to be presumed, therefore, that the testator in making the provision he did for his wife intended it should be commensurate in value with the rights in respect to his estate that she was expected to surrender, and that it should be something more substantial than a mere contingency.

The order of the Court below from which this appeal was taken will be affirmed with costs to the appellee.

> *Order affirmed with costs to the appellee.*

(Decided April 17th, 1901).