CAROLINE WELLER ET AL.

*vs.*

LEWIS A. KOLB.

*Wills: construction; vesting of estates; "heirs"; at death of testator; remaindermen; when—may convey interest. Trusts: devolve on heirs of trustee; not to fail for want of trustee.*

The law favors the early vesting of estates, and unless a will clearly expresses a desire upon the part of the testator to defer the time of vesting, or there is some manifest reason for so doing, a devise or bequest in favor of a person or persons *in esse,* whether such persons be individualized, or treated as a class, confers an immediate vested interest, though the time of enjoyment be postponed.                              p. 224

Trusts of real estate, upon the death of the trustee, devolve upon his heir at law for the preservation of the title, until the appointment of a new trustee.                              p. 226

Equity will not let an estate or power fail for want of a trustee.                              p. 227

A testator left to "S." for life all of certain named real estate; there was no specific limitation over of the remainder, but under a residuary clause all the rest and residue of the

testator's estate was devised to his executor in trust, to be sold and the proceeds divided among the testator's heirs, share and share alike: *Held,* that the remainder vested in those heirs of the testator who were such at the time of the testator's death.

p. 225

Anyone having a vested remainder may convey his interest even before the termination of the life estate.　　　p. 225

*Decided April 4th, 1916.*

Appeal from Circuit Court for Frederick County. In Equity. (URNER, C. J., and WORTHINGTON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Leo Weinberg* (with whom was *Frank L. Stoner* on the brief), for the appellants.

*Clayton O. Keedy* and *Milton G. Urner* (with whom was *Milton G. Urner, Jr.,* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from a decree construing the will of Daniel Kolb. There are but two questions involved: (1) Did the title of the remainderman vest at the death of the testator or was the time of the vesting deferred until the death of the life tenant? (2) Did the Court have jurisdiction to appoint trustees to sell the property?

Daniel Kolb died in the year 1882 leaving a last will and testament and a codicil thereto. The only portions of the will and codicil here involved are as follows:

"Second, I give, devise and bequeath unto my sister, Sophia M. A. Kolb, of Frederick County, in the State of Maryland, for and during the term of her natural life, all those certain pieces or tracts of land, lying and being in said Frederick County and known as The Homestead."

There was no specific limitation in remainder of this property, but it passed under the residuary clause contained in the codicil and which is in these terms:

"I do hereby give, devise and bequeath unto my said executrix, her heirs, executors, administrators and assigns, all the rest and residue of my estate not specifically devised and bequeathed in my said last will and testament, and in this codicil, in trust to sell and dispose of the same and valid conveyances thereof, to make, and divide and distribute the net proceeds among all my heirs at law, share and share alike."

By the will, Charles H. Utermehle, a nephew of the testator, was nominated as executor, but by the codicil, this appointment was revoked and Naomi Utermehle, a sister of the testator and the mother of Charles H. Utermehle, was substituted as sole executrix.

At the time of the death of the testator, his heirs at law were his seven brothers and sisters: Naomi Utermehle, who died after the testator; Sophia M. A. Kolb, the life tenant who intermarried with Ralph L. Hall and has recently died leaving surviving children; Louisa C. Whitaker; Alfred Kolb, who died after the testator; Jacob M. Kolb, who died after the testator; Joseph B. Kolb, who died after the testator and Lewis A. Kolb.

All of their interest in the said Homestead was conveyed and assigned by separate deeds to Ralph L. Hall by Naomi Utermehle, Louisa C. Whitaker, Alfred B. Kolb, and the heirs of Jacob M. Kolb, after the death of the testator and before the death of the life tenant. The heirs of Alfred B.

Kolb contend that the conveyance made by him to Ralph L. Hall was null and void, for the reason that the remainder in the Homestead did not vest until the death of the life tenant,. and that since he died before the life tenant, they, as his. children, hold the place he would have occupied, if living,. among the testator's heirs.

The lower Court found against this contention, and held' that the persons entitled in remainder as the heirs of the· testator were those who would answer to that designation at the death of the testator and that accordingly the convey-- ances by such heirs were good.

It is undoubtedly the settled rule that the law favors the· early vesting of estates, and from that rule has sprung the· rule that unless the will clearly expresses a desire upon the· part of a testator to defer the time of vesting or there is. some manifest reason for so doing, a devise or bequest in favor of a person or persons *in esse,* whether such persons· be individualized or treated as a class, confers an immediate· vested interest, though the time of possession or enjoyment be postponed. In *Crisp* v. *Crisp,* 61 Md. 149, the rule is. thus stated: "It is a question of intention, and the testator has ample power to fix the period of vesting to suit himself (always within the time the rule of law fixes), but he must indicate his wish with reasonable certainty, for if he does. not, the law will presume he intended the earliest time."' These rules have been fixed by a long line of decisions in this State. *Tayloe* v. *Mosher,* 29 Md. 443; *Fairfax* v. *Brown,* 60 Md. 50; *Larmour* v. *Rich,* 71 Md. 369; *Dulany* v. *Middleton,* 72 Md. 75; *Meyer* v. *Eisler,* 29 Md. 28; *Daughters* v. *Lynch,* 93 Md. 305; *Hoover* v. *Smith,* 96 Md. 395; *Shuman* v. *Harvey,* 114 Md. 248.

The clause of the codicil is silent so far as the use of express words are used as to the time the remainder shall vest; but the testator has directed that the executor shall dispose of the residue of his property and distribute the "proceeds among all my *heirs at law,* share and share alike."' This provision is very similar to the one in *Hoover* v. *Smith,.*

*supra.* The testator there devised and bequeathed all of his property unto his wife for life, or as long as she continued to be his widow, and then provided: "After either of the above events, the property to be sold and divided among my lawful heirs." CHIEF JUDGE BOYD, in delivering the opinion of this Court in which it was held that the remainder to the testator's heirs vested in them at the time of his death, and the vesting was not postponed until the death of the life tenant but only the enjoyment, said: "It is well settled that a gift to the heirs of one will be construed as referring to those who are such at the time of the ancestor's death. If then we adopt the ordinary meaning of the term used by the testator (lawful heirs) we find that he presumably intended that those who would be entitled to his real estate at the time of his death should get the benefit of the proceeds of the sale. It can not be successfully contended that merely because he gave his wife an estate for life, or as long as she continued to be his widow, the vesting of the estate given the heirs should be postponed until the widow's interest ceased * * *. So reading the will thus far, we find the testator left his property to his wife for life, or so long as she remained unmarried, and after her death or marriage to a class of persons whom he designated by the terms which the law says means those upon whom the law casts his real estate immediately upon his death."

We find in the provisions of the will and codicil an entire absence of anything, or any expression, to indicate that the remainder was not to vest at the earliest moment, and are of the opinion that the remainder vested in those heirs who were the heirs of the testator at the time of his death. And anyone having a vested remainder could convey the same. *Roberts* v. *Roberts,* 102 Md. 131.

The chief reliance of the appellants is the case of *Small* v. *Small,* 90 Md. 550; but that case is clearly distinguishable from the present because from the expressions of the will it clearly appeared that the intention of the testator was that the estates were not to vest until after the death of the

life tenant. But that case itself also recognizes the rule that
is applicable to all cases of this character when the opinion
says: "The distinction is clearly drawn between that class
of cases where the estate or interest vests at the death of the
testator, because of the absence of any expressed intention
that it vest later, and those where the testator by his will
fixes a more distant period for the vesting."

The appellants claim further, that the Court was without
jurisdiction to appoint trustees, for the reason that, under
section 24 of Article 46 of the Code, Charles H. Utermehle,
only son and heir at law of Naomi Utermehle, the executrix-
trustee, succeeded to the trust upon her death. It is not
claimed that the power of sale conferred upon Naomi Uter-
mehle died with her, but on the other hand, it is tacitly ad-
mitted that by the annexing to the word "executrix," the
words "heirs, executors, administrators and assigns," the
power was intended not to be one reposed in confidence upon
the person alone named, but to be one attached to the office
of trustee. If, however, this were a disputed question we
would be compelled to hold that the wording of the instru-
ment, and the use of these superadded words would have the
effect of showing that the intention of the testator was to that
effect. *Snyder* v. *Safe Deposit & Trust Co.,* 93 Md. 225.
Again it is not disputed, that but for the fact of the exist-
ence of this statute and the common law rule, that a Court
of Equity under its general powers or under the authority
of section 94 of Article 16 of the Code, would have ample
jurisdiction to appoint a trustee to exercise the power, but
the dispute merely is that under the statute there is in exist-
ence a person capable and entitled to act.

Granting that the legal estate does descend to the heir at
law, it certainly can not mean that because of that fact,
Courts of Equity are to be ousted of their control and ad-
ministration of trust estates. To so hold would be to declare
null and void that portion of section 94 of Article 16 which
declares, that the Court shall appoint a person to sell and
convey land and distribute the proceeds where the person

appointed by the testator has died. The last expression of this Court on the question is found in *Balto. Trust Co. v. George's Creek Co.,* 119 Md. 21, where JUDGE PEARCE, speaking for the Court, said: "The general principle is not questioned that trusts of real estate upon the trustee's death, devolve upon his heir at law, and trusts of personalty devolve upon the executor or administrator, for *the preservation of the title, until the appointment of a new trustee."* And in *Lewis on Trusts* (Amer. Ed. of 8th Eng. Ed.), p. 233, note 1, it is stated, that, in certain enumerated States, upon the death of a trustee the legal estate vests in and is administered by the Courts, and in the other States, it descends to his heirs or passes to his personal representative, according to whether it consists of real or personal property, and remains so vested until the Court having jurisdiction, on the application of the parties interested in the estate, appoints a new trustee. 39 *Cyc.* 314; *Offutt* v. *Jones,* 110 Md. 233.

We are of the opinion, therefore, that the appointment of the trustees by the decree appealed from was a valid exercise of the Court's jurisdiction.

*Decree affirmed, with costs to the appellee.*