## LUKE SWIFT

### *vs.*

### GEORGE J. COOK et al.

*Wills: construction; vesting of estates favored; life tenants and remaindermen; deeds by—.*

The law favors the early vesting of the estates, and where possible a remainder will be declared to be vested rather than contingent.                    p. 653

When a testator leaves a remainder to his children by his wife, children by another husband do not take.                    p. 657

A properly executed deed by a life tenant and the remaindermen carries the title to the grantee.                    p. 657

*Decided January 16th, 1919.*

Appeal from the Circuit Court for Anne Arundel County. In Equity.  (Moss, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Daniel R. Randall* submitted a brief for the appellant.

*James M. Munroe,* submitted a brief for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This case is before us on an appeal from the decree of the Circuit Court for Anne Arundel County overruling exceptions of the appellant to a sale made to him and reported to the Court by James M. Munroe, trustee. George H. Chard was in his lifetime seized and possessed of a farm in Anne Arundel County. His will, dated the 1st of February, 1878, after the formal parts, was as follows:

> "1st. I desire my brother Robt. W. Chard to settle my estate.
>
> "2nd. After all my just debts are paid, I desire my wife, Nancy E. Chard, to have and to hold the balance as long as she may live and at her death if any remain to be divided among my children by the said Nancy E. Chard."

George E. Chard died in 1878, leaving surviving him his widow, Mrs. Nancy E. Chard, and three daughters, namely, Mrs. Sadie Cook, Miss Lottie Chard and Miss Mary Chard. Mrs. Cook survived her husband, Henry D. Cook, and died a few years ago leaving eight children, all of whom are parties to the cause in which Mr. Munroe was appointed trustee to sell the property, for the purposes of partition. Miss Lottie Chard married Warren A. Ballard and has three children. Miss Mary Chard is unmarried and Mrs. Nancy E. Chard, widow of George H., is still living. By a deed dated January 10th, 1899, Nancy E. Chard, widow, Lottie Chard, now Mrs. Ballard, and Mary Chard conveyed in fee simple to Sadie Cook the farm in question. Several exceptions were filed to the ratification of the sale reported by Mr. Munroe, but all were abandoned excepting the second and third, which call for the construction of the will of George H. Chard. The appellant contends that Nancy E. Chard, the widow, took a life estate in the lands, without power of sale, with remainder to the children of the said George H. Chard and Nancy E. Chard, contingent upon their being still alive at the death of the life tenant. That the life tenant being still alive, it

can not certainly be determined in whom the remainder will vest.

While the will was doubtless not drawn by a lawyer, it expresses the evident intention of the testator—which was that his widow should have all of his property for life, without impeachment of waste, and that after her death the remainder should be divided between his children by Nancy E. Chard. It is not necessary to cite many authorities to show that the law favors the early vesting of estates, and that when the language of a will or other instrument admits of such construction, a remainder will be declared to be vested, rather than contingent. In one of the earlier cases in this State, which has been so frequently cited, *Tayloe* v. *Mosher,* 29 Md. 443, 457, JUDGE MILLER, in his usual strong way of stating propositions of law, said: "Estates will be held to be vested wherever it can fairly be done without doing violence to the language of the will, and to make them contingent there must be plain expressions to that effect, or such intent must be so plainly inferable from the terms used as to leave no room for construction." Although it is not always helpful to cite decisions affecting other wills when the Court is called upon to construe one, it will not be out of place to refer to some of those which have decided the questions to be considered in this case. In *Russell* v. *Werntz,* 88 Md. 210, the testator, after providing for payment of his debts and funeral expenses, and bequeathing to his son George $800 to be paid out of the proceeds of a life insurance policy, left to his wife "all the residue of my estate, including all my property, both real, personal or mixed, *to have and to hold and dispose of as she may see fit,* while she remains single, and *at her death or marriage, the remaining* property is to be equally divided between my two daughters, Grace A. Russell and Jessie V. Russell." (Italics ours.) The appellees contended that the widow only acquired a life estate, with power to dispose of that interest and no more, and that her daughters took a *vested* interest in the remainder, while the widow contended that she took a fee, or if it be held that she acquired only a

life estate she had the power to convey a fee simple title in the reversion. Notwithstanding the language used in that will, the Court held that the widow only took a life estate in the real property, with remainder to the daughters.

In *Hoover* v. *Smith,* 96 Md. 393, the will left all of the property of the testator to his wife, "to have and to hold the same during her natural life, or as long as she shall continue to be my widow. *After either of the above events* the property *to be sold and divided* equally among my lawful heirs. The children of deceased heirs shall inherit the full portion as their parents would have done if living." The testator left a widow, two sons, a daughter, two grandchildren who were children of a deceased daughter, and a granddaughter, Elizabeth Wolf, who was the child of another deceased daughter. Elizabeth Wolf died after the testator, but in the lifetime of the widow. It was held that the remainder to the testator's heirs vested in them *at the time of his death* and the vesting was not postponed until the death of the life tenant, but only the enjoyment of the estate. It was consequently held that Elizabeth Wolf took her share of the estate by a direct gift and it passed to her representatives.

In *Roberts* v. *Roberts,* 102 Md. 131, the testator after bequeathing $100 to each of his two children by his first wife, and providing for payment of his debts and funeral expenses, devised and bequeathed all the rest and residue of his estate to his wife "for and during the term of her natural life, *in trust* for the use and benefit of herself and our children." He authorized his wife to sell any part of the real estate which she thought proper—"the proceeds of such sale or sales to be invested upon the trusts of this will"—and to lease the real estate. He gave her authority to use so much of the principal as necessary for the support of herself and their children, or for their education or advancement in life, and then followed this clause: "I devise and bequeath all my estate, real and personal, *remaining at the death of my said wife,* to my children by my said wife, share and share alike, absolutely in fee simple, the child or children of a deceased

child shall stand in its or their parent's place and stead, and receive and have the share and interest its and their parent would have been entitled to if living." It was held, quoting from the syllabus for convenience, that: "When there is a vested remainder in property after a life esate, such interest is not defeated by the death of the remainderman before the termination of the life estate, but it passes to the heirs at law and next of kin of the remainderman in case of his intestacy, or to his devisee or legatee in case he disposes of the same by will. When an estate is given to one for life with a remainder over to other persons, and a power of disposition of the property is annexed to the life estate, the remainder is not affected by the power unless, and to the extent, that it be exercised. In such case the remainder vests subject to the execution of the power and the uncertainty as to whether the power will be exercised as to all or any part of the estate does not make it a contingent remainder."

In *Weller* v. *Kolb,* 128 Md. 221, the testator left to his sister for and during the term of her natural life certain tracts of land, and although he did not specifically devise the remainder in that clause of the will, by a codicil he left to his "executrix, her heirs, executors, administrators and assigns, all the rest and residue of his estate not specifically devised and bequeathed in my said last will and testament, and in this codicil, in trust to sell and dispose of the same and valid conveyance thereof to make, and divide and distribute the proceeds among all my heirs at law, share and share alike." It was held that the remainder vested in those persons who were the heirs at law of the testator at the time of his death. It was further held that any one having a vested remainder could convey the same—citing *Roberts* v. *Roberts, supra,* where it was said that a vested remainder can be devised, mortgaged or conveyed and is liable to execution by a judgment creditor. See also, 1 *Tiffany on Real Prop.* (305), sec. 129.

The appellant referred in his exceptions to *Williams* v. *Armiger,* 129 Md. 222, but the provision in the deed in that

case presented a very different question. It expressly provided that the property was to be held in trust for the benefit of Mary W. Johnson during her natural life, "and from and after the death of the said Mary W. Johnson, then in trust for all and every the children the said Mary W. Johnson now has or the child or children she may hereafter have, and their executors, administrators and assigns, as tenants in common equally, the issue of any deceased child of said Mary W. Johnson, if any such issue there should be, to take the part or proportion only to which the parent of such issue if living would be entitled." We held that each of the children of Mrs. Johnson took a vested remainder, subject to be divested only by his or her death leaving issue, during the lifetime of Mrs. Johnson, and that the words "from and after" merely referred to the *time of enjoyment* of the estate. It will be observed that the deed expressly provided that the issue of every deceased child should take the part or portion to which the parent of such issue if living would have been entitled. The same sort of a provision was in the will under consideration in *Cox* v. *Handy,* 78 Md. 108. In each of those cases the intention of the grantor and testator, respectively, was decided to be that the child, or issue of deceased children, was to take the share of his parent, and hence while the estates were held to be vested remainders, they were liable to be divested by the death of the parent. Such is not the case in this will. The testator did not show any intention to postpone the vesting or to provide for any but his children by the said Nancy E. Chard.

Of course, if one of his children had died intestate during the lifetime of the tenant for life and left a child or issue, without having disposed of her interest in the vested remainder, such child or issue would have inherited that interest, but would have taken as heir of his or her parent, and not under the will of the testator, and hence the vested remainder would not have been divested as would have been under the deed under consideration in *Williams* v. *Armiger,* or under the will construed in *Cox* v. *Handy,* 78 Md. 108.

It does not seem necessary to discuss such cases as *Demill* v. *Reid,* 71 Md. 175; *Larmour* v. *Rich,* 71 Md. 369, and *Poultney* v. *Tiffany,* 112 Md. 630. In *Small* v. *Small,* 90 Md. 550, 568, JUDGE FOWLER, in speaking of *Larmour* v. *Rich,* said: "The distinction is clearly drawn between that class of cases where the estate or interest vests at the death of the testator, because of an absence of any expressed intention that it vest later, and those where the testator by his will fixes a more distant period for the vesting."

The will did not leave the remainder to the children of Nancy E. Chard, but to his children by her, and hence any children she might have had by another husband would not be entitled to take and there would be no contingency of having to let in after-born children.

So, without deeming it necessary to refer to other cases, we are of the opinion that under the will of George H. Chard, his children by Nancy E. Chard took vested remainders in the property at the time of his death, and that the deed of Nancy E. Chard and others to Sadie Cook vested in the latter all the interest in the tract of land which George H. Chard died seized and possessed of. As no question is raised in reference to the mortgage held by Mrs. Chard, of course that is not intended to be affected by what we have just said. The decree of the lower Court will therefore be affirmed.

> *Decree affirmed, the costs to be paid out of the proceeds of sale.*