# WILLIAM R. COLE, JR.,

## vs.

# SAFE DEPOSIT & TRUST COMPANY OF BALTIMORE, TRUSTEE, ET AL.

*Construction of Deed—Vested and Contingent Interests.*

Estates will be held to be vested whenever this can be fairly done without doing violence to the language of the will or deed. p. 94

A gift of personalty in trust for the grantor's children for life, and from and immediately after the death of each of said children, then in trust for the child or children of such deceased child, and in case of the decease of any child without leaving issue at the time of his or her death, then in trust for his or her surviving brothers or sisters during their lives, *held* to create a vested interest in a grandchild, which passed to his personal representatives upon his death before his mother, the grantor's daughter. pp. 94-96

A statement in the deed that it was the grantor's intention that "the child or children of each of his children should ultimately receive an equal share of that portion of said trust estate, from which his, her, or their parents derived his or her income" showed that the words "from and immediately after" merely referred to the time the grandchildren were to receive and have possession or enjoyment of his estate. pp. 96, 97

*Decided March 16th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (CARROLL T. BOND, J.).

Petition by the Safe Deposit and Trust Company of Baltimore, trustee, against William R. Cole, Junior, and others, asking the construction of a certain deed of trust and of a

will executed by Robert W. L. Rasin, deceased. From the decree rendered, said William R. Cole, Junior, appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Wallis Giffen,* for the appellant.

*Charles Markell,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 11th of February, 1905, Robert W. L. Rasin, of Baltimore City, executed a deed by which he transferred and assigned unto his son-in-law, Thomas A. Godey, of Baltimore City, and his successors, certain stock of the par value of $60,000, certain bonds of the par value of $24,000, and "all other stock or bonds" belonging to him, in trust to collect the income therefrom, or from "any changes or reinvestments thereof," and to pay the net income derived from the same to him during his natural life, and after his death to pay such net income, in the proportions therein named, to his daughter, Mary R. Godey; his son, Robert C. Rasin; his daughter, Grace R. Ashbridge; his daughter, Bessie R. Cole, and his daughter, Viola R. McKenna, during their respective lives. The deed then provides:

> "And from and immediately after the death of each of said children of the said Robert W. L. Rasin as such deaths shall respectively occur then in trust to transfer and assign absolutely the share or portion of the principal or corpus of the trust estate out of which (each) of said children so dying received his or her share of said income over to the child or children of the child of said Robert W. L. Rasin so dying the descendants of any deceased grandchild of said Robert W. L. Rasin to take *per stirpes* the share which the parent would have taken if living and thereupon the

trust as to such share shall cease and determine, and in case any of the said children of the said Robert W. L. Rasin should die without leaving issue living at the time of his or her death the net income from such share shall be paid to his or her surviving brothers or sisters during their respective lives * * * and the principal of such share or shares shall form a part of the corpus of the trust estate and be added in the respective portions aforesaid of the other or remaining shares, respectively, and pass therewith in accordance with the terms of this deed in respect of such other or remaining shares. It being the meaning of these presents and the intention of the said Robert W. L. Rasin that the income arising from each of the said five portions of said trust estate shall be paid over to each of said children during the life of each in the manner hereinbefore provided and that the child or children of each shall ultimately receive an equal share of that portion of said trust estate when the time or period arrives as aforesaid from which his, her or their parents derived his, her or their income. The descendants of any deceased grandchild of the said Robert W. L. Rasin to take *per stirpes* the share the parent would have taken if living."

A few days after the execution of the deed mentioned, on the 16th of February, 1905, Mr. Rasin executed a last will and testament, in which, after providing for the payment of his debts and funeral expenses, and making certain bequests, he devised and bequeathed unto his said son-in-law, Thomas A. Godey, and his successors, all the rest and residue of his estate upon the same trust as to his five children and his grandchildren, etc., created by said deed.

The testator died about a month after the execution of his will, leaving his daughter, Bessie R. Cole, and her husband and their two sons, William R. Cole, Jr., and Howard M. Cole, surviving him. Howard M. Cole married in 1916 and died in 1918, without issue, and leaving his wife, Jane

L. Cole, surviving him, who was appointed administratrix of his estate. Bessie R. Cole's husband died in February, 1920, and she died in May, 1922, leaving her son, William R. Cole, Jr., and his wife and children, and the said Jane L. Cole, widow of Howard M. Cole, surviving her, and on the 18th of July, 1922, the Safe Deposit & Trust Company of Baltimore, who succeeded Thomas A. Godey, deceased, as trustee under said deed and will, filed a petition in Circuit Court No. 2 of Baltimore City against all the parties interested in the trust estate, including the widow of Howard M. Cole, deceased, in her own right and as administratrix of her husband's estate, asking the court to determine whether Howard M. Cole's interest in the estate was a vested or contingent one, and for its direction as to the distribution of the funds or securities in its hands as trustee. The trustee filed with its petition its suggestion as to the securities to be allotted for the share of which Bessie R. Cole was life tenant or *cestui que trust* under Mr. Rasin's deed and will, and as to the securities to remain in its hands as trustee.

All of the parties answered, consenting to the allotment suggested by the trustee, and on the 11th of October, 1922, the court below passed an order approving the suggestion and directing the trustee to allot and distribute the trust funds and securities accordingly. But William R. Cole, Jr., in his answer, asserted that the interest of Howard M. Cole, deceased, in the trust estate was a contingent one, and that he was entitled to the entire fund or securities of which his mother, Bessie R. Cole, was life tenant or *cestui que trust,* while Jane L. Cole, the widow of Howard M. Cole, in her answer, claimed that the interest of Howard M. Cole in the trust estate was a vested interest, subject to be divested in certain contingencies which never occurred, and that she was entitled as administratrix of his estate to one-half of the fund and securities of which his mother, Bessie R. Cole, was life tenant.

After a hearing and argument of counsel, the court below determined that Howard M. Cole, deceased, had a vested interest in the trust estate, and on the 28th of November, 1922, passed a decree directing the trustee, after the payment of certain costs and the counsel fee previously allowed it, to pay over, assign and transfer the fund and securities allotted for the share of said trust estate of which Bessie R. Cole was life tenant or *cestui que trust,* one-half thereof to William R. Cole, Jr., and the other half to Jane L. Cole, administratrix of the estate of Howard M. Cole, and from that decree William R. Cole, Jr., has brought this appeal.

William R. Cole, Jr., and Howard M. Cole were both living at the time the will and deed were made, and it would be unreasonable to assume that Mr. Rasin did not have them in mind when he was making provision for his grandchildren. But it is claimed that the limitation over in the event of their mother dying "without leaving issue," and certain words in the deed and will, show an intention on the part of the grantor and testator that his grandchildren were not to have any interest in his estate unless they survived their parents.

It has been repeatedly said by this Court that, "estates will be held to be vested wherever it can be fairly done without doing violence to the language of the will (or deed), and to make them contingent there must be plain expressions to that effect, or such intent must be so plainly inferable from the terms used as to leave no room for construction." *Swift* v. *Cook,* 133 Md. 653, and cases cited therein by CHIEF JUDGE BOYD. In *Dulany* v. *Middleton,* 72 Md. 75, it is said: "The general principle is, that any devise or bequest in favor of a person or persons *in esse,* whether such persons be individualized or be treated as a class, unless there be some clearly expressed desire or some manifest reason for suspending or deferring the time of vesting, confers an immediately vested interest, though the time of possession or enjoyment may be postponed." And in *Cox* v. *Handy,* 78

Md. 108, and *Lewis* v. *Payne,* 113 Md. 127, the Court adopts the statement of the CHANCELLOR in *Moore* v. *Lyons,* 25 Wend. 144: "For where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such a remainder from vesting in possession." "The fact that an estate is liable to be divested in whole or in part upon a contingency, does not make it a contingent estate." *Tayloe* v. *Mosher,* 29 Md. 443; *Roberts* v. *Roberts,* 102 Md. 149. And in *Dulany* v. *Middleton, supra,* it was also said: "The contingent event, provided for in the will, of the death of the devisee and legatee for life without leaving issue, and the limitation over of the property thereon, does not, as contended on the part of the appellants, render the gift or devise to the children of such devisee or legatee contingent, and forms no ground for postponing the vesting of the interest devised." In the leading case of *Cox* v. *Handy, supra,* the Court held that, under a will directing the property to be divided at the death of the testator's widow among his children, "the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled," the children of the testator took a vested interested, and that the children of a child dying before the period of distribution were substituted in his place, but the share of the child dying without children was not divested and went to his personal representatives. This case has been followed or approved in a number of later cases, among them, *Roberts* v. *Roberts, supra; Williams* v. *Armiger,* 129 Md. 222; *Swift* v. *Cook, supra.* And in the case of *Lee* v. *Waltjen,* 141 Md. 450, where the will provided: "At the death of any one of said life tenants, the share of the one so dying is to go to his or

her legitimate children and in the event of such life tenant
dying without leaving such child or children, then such
share is to go to the child or children of the other life tenant
*per stirpes* and not *per capita,"* this Court held that the chil-
dren of the life tenant took vested interests.

Applying the principles and the cases, referred to, to
the provisions of the deed and will here in question, we can
not consistently hold that the appellant is entitled to the
entire share of the trust estate of which his mother was the
life tenant. The gift over to the grantor's and testator's
surviving children was only to take effect in the event that
Bessie M. Cole died without leaving issue living at the time
of her death, and that contingency did not happen. Her
child's interest was also subject to be divested in favor of
his descendants by his dying in the lifetime of his mother
leaving descendants, but Howard M. Cole did not leave any
children or descendants, and his interest therefore passed
to his personal representative.

Mr. Rasin did not qualify the gifts or bequests to his
grandchildren by words of contingency such as "surviving,"
"if they be living at her death," or "to such of them as shall
be living," which are said to be "the usual and proper
phrases to constitute conditions precedent" (*Lansdale* v. *Lin-
thicum,* 139 Md. 159; *Lee* v. *Waltjen, supra*), and the fact
that he did not do so is especially significant in view of the
limitation over to his *surviving* children in case any of them
died "without leaving issue living at the time of his or her
death."

But the appellant insists that the words "from and imme-
diately after the death of each of my said children * * *
then in trust," etc., clearly indicate that the testator and
grantor did not intend to give his grandchildren a vested
interest in the share of their parents. Such words are often
held, however, to refer to the time of *possession and enjoy-
ment* of the estate. *Tayloe v. Mosher, supra; Bailey* v. *Love,*
67 Md. 600; *Wiliams* v. *Armiger, supra; Swift* v. *Cook,*

*supra.* And in *Williams* v. *Armiger, supra,* where the identical words were used, the Court held that, the grant being to the children Mrs. Johnson "now has," indicated that the grantor intended the children to take a vested remainder, and that the words "from and after" merely referred "to the time of enjoyment of the estate." So, in the case at bar, the statement in the deed and will that it was Mr. Rasin's intention "that the child or children of each (of his children) shall ultimately receive an equal share of that portion of said trust estate when the time or period arrives as aforesaid, from which his, her or their parents derived his or her income," shows that the words "from and after" referred to the time the grandchildren were to *receive* and have possession or enjoyment of his estate. *Roberts* v. *Roberts, supra.*

The numerous cases bearing upon the question here presented, including those cited by the appellant, have been so recently and fully considered by this Court in the case of *Lee v. Waltjen, supra,* that a further discussion of them would prolong this opinion unnecessarily.

*Decree affirmed, with costs.*