J. WILLIAM PLITT ET AL., *v.* DELIA PEPPLER ET AL.

DELLA PLITT ET. AL. *v.* DELIA PEPPLER ET AL.

[Nos. 54, 55, April Term, 1934.]

*Decided June 13th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*C. Alex. Fairbank, Jr.*, for J. William Plitt and others, appellants.

*Herman M. Moser*, for Della Plitt, and others, appellants.

*J. Marshall Neel* and *Lester H. Crowther*, for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Maximilian Plitt, a resident of Baltimore, who died in 1905, included the following provisions:

"Fourth. After the payment of the foregoing bequests, I give, devise and bequeath unto my three sons, George L. Plitt, J. William Plitt and Howard M. Plitt (whom I will call my Trustees for convenience herein) all my property and estate of every kind and description, real, personal and mixed, of which I die seized or possessed, or to which at the time of my death, I may be in any manner entitled, in trust and confidence, however, to pay the net annual income, rents and profits thereof, for the use, support and maintenance of my wife, Sophia Plitt, for the full end and term of her natural life. * * *

"It is my will that this trust shall continue for five years from and after the death of my wife Sophia; the income, rents and profits thereof to be added to the corpus of the estate.

"If my wife Sophia predeceases me, it is my will that this trust shall continue for five years after my death, and that the income, rents and profits thereof, be added to the corpus of the estate.

"At the expiration of five years after the death of my wife Sophia, or five years after my death if she predeceases me, I direct that the aforesaid trust shall cease, and that my estate be divided as follows, viz:

"Fifth. I give, devise and bequeath to my sons, George, William and Howard, and to the survivor or survivors of them, Real Property of the value of Ten Thousand Dollars ($10,000) to be selected from my estate at a fair valuation to be placed by them upon the property, to be held in Trust and Confidence by them, to pay the net annual income and rents from the said property to my son J. Henry Plitt during the term of his natural life, the payments thereof to be made monthly.

"After his death, I give, devise and bequeath the aforesaid property, absolutely, to his three children of his wife, Blanche, namely Louetta, Charles and Russell, to be divided equally among them, share and share alike.

"And in the event of the decease of any of the said three children of my son Henry, without issue living at the time of his, her or heir respective deaths, the part or share of him, her or them, shall go to the survivor or survivors of them, and the heirs, executors, administrators or assigns of such survivor or survivors.

"Sixth. I give, devise and bequeath, absolutely, all the rest and residue of my estate, real, personal and mixed, to my children, George L. Plitt, J. William Plitt, Charles L. Plitt, Louetta P. Crowder, Ella A. Plitt, Gertrude Hammerbacher, Nellie S. Bishop and Howard M. Plitt, to be divided equally among them, share and share alike, the children of any deceased child or children to take the share to which

their parent or parents would have been entitled, if living.

"It is my will and I therefore direct, that all this rest and residue of my estate, real, personal and mixed, referred to above, be divided by my Trustees before mentioned, in whom I have implicit confidence, into eight parts, as near alike as possible, fair valuations to be placed upon the various houses and other property by them; that lists be prepared of these eight equal parts and placed in plain envelopes in such a manner that the contents of each shall be unknown to all, and that my children each draw for these equal parts, beginning with the oldest, followed by the second and so on. I have selected this method of dividing my estate, so that all of my children shall share alike, with the exception of my son Henry, for whom I have provided in the Fifth Clause of this Will."

The wife of the testator survived him, and the trust created by the will was administered for her benefit until her death in 1928. Thereafter the trust was continued for five years as the will provided, during which period the corpus of the estate was to be augmented by the addition of the income. The testator's daughter, Gertrude Hammerbacher, died in the year 1908, without issue but survived by her husband, G. Herman Hammerbacher, to whom her will devised and bequeathed her estate. Mr. Hammerbacher died intestate in October, 1926, leaving his mother as his only heir at law, whose death occurred in December of the same year, and whose estate has passed to her other children by virtue of an assignment in her lifetime and the provisions of her will.

In this proceeding for the construction of the will of Miximilian Plitt the question to be determined is whether the interest in his estate devised and bequeathed to his daughter, Gertrude Hammerbacher, was vested and transmissible by her will, or was contingent upon her living until the time when her father's estate was to be divided in accordance with his testamentary direction. The chan-

cellor decided that the interest of Mrs. Hammerbacher was vested, and the appeal is from a decree giving effect to that conclusion.

As the law favors an early vesting of estates, and as the estate in remainder under consideration in this case was devised and bequeathed to the testator's children by name, its vesting should be referred to the time of his death rather than to the time appointed for the division of the estate, unless the will clearly indicates an intention that the remainder should not vest until the later period. *Wilson v. Pichon,* 162 Md. 200, 159 A. 766; *Martin v. Cook,* 129 Md. 195, 98 A. 489; *Cole v. Safe Deposit & Trust Co.,* 143 Md. 90, 121 A. 911; *Lee v. Waltjen,* 141 Md. 450, 119 A. 246; *Swift v. Cook,* 133 Md. 653, 105 A. 869; *Brian v. Tylor,* 129 Md. 145, 98 A. 532; *Weller v. Kolb,* 128 Md. 221, 97 A. 542; *Miller, Construction of Wills,* p. 629.

There are two alternative periods mentioned in the will for the division of the estate among the remaindermen. In the event, which occurred, that the wife of the testator survived him, the division was to be made five years after her death, but it was provided that the estate should be divided among the children five years after the testator's own death, if he survived his wife. The question as to the vesting of the remainder would be precisely the same if the testator's wife had predeceased him and the earlier time for division had arrived. While the survival of the wife would postpone the enjoyment of the estate by the remaindermen, the will contains no suggestion of an intention to make any distinction in regard to the vesting of their interests in the estate because of the alternative directions for its division.

The residuary estate of the testator was devised and bequeathed to his named children "absolutely." It was directed to be "divided equally among them, share and share alike, the children of any deceased child or children to take the share to which their parent or parents would have been entitled, if living." There is no provision disposing of the interests of any of the testator's children

who might die without issue prior to the period of distribution. It has been argued that in such an event the surviving children become entitled to the shares of the deceased remaindermen; but the will does not so provide. The absence of such a provision from the residuary clause becomes more significant when a limitation in favor of the survivors of a remainderman dying without issue is found in the fifth clause relating to the trust of which the testator's son, J. Henry Plitt, was made the life beneficiary. *Brian v. Tylor, supra.* The fact that the will imposes a trust upon the residuary estate does not affect the application of the principle which favors the earliest vesting consistent with the testamentary intent. *Wilson v. Pichon, supra; Brian v. Tylor, supra; Cole v. Safe Deposit & Trust Co.,* 143 Md. 90, 121 A. 911; *Roberts v. Roberts,* 102 Md. 131, 62 A. 161. *In re Rogers' Trust Estate,* 97 Md. 674, 55 A. 679; *Dulany v. Middleton,* 72 Md. 67, 19 A. 146.

In providing that in the division of the estate in remainder the children of any deceased child of the testator should take the share to which the parent would have been entitled, if living, the will does not reveal a purpose incompatible with the original vesting, in the parent, of the share thus made subject to later divestiture in the event specified. The effect of that provision was simply to render a devised estate defeasible at a subsequent period if the prescribed conditions of defeasance should occur. Neither in the terms of the residuary clause nor in the context of the will do we find any terms which manifest a design that the vesting in interest of the shares devised and bequeathed by the testator to his children should not be effective at his death, but should be postponed to the time when they would be entitled to receive their shares in possession. There is consequently no adequate ground for declining to gratify in this case the preference of the law for the earliest vesting of which the will under interpretation reasonably admits.

The conclusion which we have reached, in agreement with the view of the chancellor, is amply supported by

previous decisions of this court in the construction of analogous limitations. The pertinent Maryland cases have been recently reviewed in the opinion delivered for the court by Judge Sloan in *Wilson v. Pichon,* 162 Md. 199, 159 A. 766, 767. In that case the limitation in remainder, after the expiration of an estate for life in the testator's daughter, was to his named sons "equally and absolutely, and to the descendants of either or both of them, if either or both shall die before her, such descendants to take *per stirpes* and not *per capita,* the shares to which its or their parent or parents would, if living, be entitled to." It was held that the remainders vested at the time of the testator's death, with possession only delayed until the death of the daughter. The opinion in that case discussed and clearly distinguished the Maryland decisions cited to sustain the contention that the vesting of the remainders should be referred to the later period under consideration. Those cases included *Larmour v. Rich,* 71 Md. 369, 18 A. 702; *Poultney v. Tiffany,* 112 Md. 630, 77 A. 117; and *Small v. Small,* 90 Md. 550, 45 A. 190, upon which the appellants in this case largely rely. In the cases thus cited there were survivorship provisions or other terms showing a testamentary purpose that the vesting should be deferred. The decision in *Wilson v. Pichon* followed the adjudications by this court in *Cox v. Handy,* 78 Md. 108, 27 A. 227, 501; *Roberts v. Roberts,* 102 Md. 131, 62 A. 161; *Dulany v. Middleton,* 72 Md. 67, 19 A. 146; and *Lee v. Waltjen,* 141 Md. 450, 119 A. 246.

There was a direction in the will considered in *Cox v. Handy* for a sale of the estate in remainder, if necessary, for the purposes of a division among the testator's children, but it was provided that otherwise the estate should be equally divided among them after the death of his widow, to whom it was devised for life, "the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled." The interests in remainder were held to have vested when the testator died. In this instance the will provided for a special method of division among the remaindermen, but

the adoption of that plan for the allocation of their respective interests in the undivided estate is not a sufficient reason for imputing to the testator an intention that the interests devised in absolute terms to his children should until the time of the division remain contingent.

The decision just rendered in *Boulden v. Dean,* 167 Md. 101, 173 A. 26, of the present term, affords additional support for our conclusion in this case.

*Decree affirmed, with costs.*