BYRON E. REDMAN & a., *Trustees v.* ROBERT H. RING & a.

*George R. Scammon,* for the plaintiffs.

*Hughes & Burns,* for the defendant Robert H. Ring.

MARBLE, C. J. Relying on the so-called "divide and pay over" rule, counsel for the defendant Robert H. Ring contend that where, as here, property is bequeathed in trust with directions that it be held for a designated period to accumulate, both corpus and accumulations to be transferred at the end of the period, "the gift is future, not immediate; contingent and not vested." *Matter of Crane,* 164 N. Y. 71, 76.

They concede that there are cases in this jurisdiction which hold that a testator's direction that property be paid over to designated beneficiaries at the death of the life tenant does not postpone the vesting of a beneficiary's interest until the termination of the life

estate but vests it immediately upon the testator's death. See *Upton* v. *White*, 92 N. H. 221, 226, and cases there cited.

They suggest, however, that while these cases are seemingly inconsistent with the "divide and pay over" rule, they are not so in fact, since the rule is generally held to be inapplicable where the postponement of the division and payment is for the purpose of letting in an intermediate estate. *Matter of Crane, supra.*

The rule in question, which is not a rule of law but a mere canon of construction (28 Mich. Law Rev. 621, 622), has never received recognition in this state. It has been severely criticised in many jurisdictions, and even "courts that purport to adhere" to the rule "really give it little weight in the actual decision of concrete cases." *Barker* v. *Monks*, 315 Mass. 620, 625.

In the case of *White* v. *Smith*, 87 Conn. 663, 668, the court declares: "This principle has had some vogue in New York, and perhaps elsewhere, but so artificial and unsatisfactory is it that in our more recent cases it has been relegated to the domain of the inconsequential." See 33 Am. Jur. 571, s. 114; Gluck, "The 'Divide and Pay Over' Rule in New York," 24 Columbia Law Rev. 8, 25; 48 Harv. Law Rev. 1202, 1218.

In the Restatement of Property (section 260, *comment a*) it is said: "Wherever this 'divide and pay over' rule has been asserted to exert constructional force in favor of the existence of a condition precedent of survival, two exceptions to the rule have been also recognized," and these exceptions "so completely cancel the rule as to leave nothing in either the rule or its exceptions helpful to the construer of a limitation."

The present case is not one in which the intended taker of the bequest cannot be ascertained until the time arrives for division and distribution, and there is nothing in the will which indicates an intention to defer the vesting of the daughter's interest. On the contrary, the absence of a gift over in case of Ethel Redman's death and the fact that payments could have been made to her out of the fund before the ten-year period had elapsed support the inference that her interest was intended to vest at the testator's death.

The trustees are instructed that Ethel Redman's interest was transmissible (*Upton* v. *White*, 92 N. H. 221, 226; *Plitt* v. *Peppler*, 167 Md. 252) and that it should now be paid to her husband as executor of her will.

*Case discharged.*

All concurred.