SECURITY TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of JAMES WILSON, deceased,

*vs.*

SAMUEL L. IRVINE, FRAZER WILSON, JEANNETTE A. WILSON, GRACE WILSON GEARHART, HELEN G. WILSON MILLER, MARGARET W. HANBY, MARY HOPE WILSON, JAMES RANKIN DAVIS, Executor under the Last Will and Testament of Margaret W. Irvine, deceased, HELEN G. WILSON MILLER, Executrix under the Last Will and Testament of Henry Wilson, deceased, FREDERICK W. KURTZ, Executor under the Last Will and Testament of Mary E. Wilson, deceased, CHARLES C. KURTZ, Executor and Trustee under the Last Will and Testament of Martha B. Wilson, deceased, and JEANNETTE A. WILSON, Executrix or Administratrix of the Estate of Samuel H. Wilson, deceased.

*New Castle, January 2, 1953.*

*H. James Conaway, Jr.*, of the firm of Hering, Morris, James & Hitchens, for plaintiff.

*James Rankin Davis*, for defendants James Rankin Davis, executor under the last will and testament of Margaret W. Irvine, deceased, and Samuel L. Irvine.

*Joseph Donald Craven*, for defendants Mary Hope Wilson and Helen G. Wilson Miller.

*Thomas Herlihy, Jr.*, for defendants Frazer Wilson, Jeannette A. Wilson, Grace Wilson Gearhart, and Jeannette A. Wilson, executrix or administratrix of the estate of Samuel H. Wilson, deceased.

*Henry Van Der Goes*, of the firm of Young and Wood, for defendants Margaret W. Hanby, Frederick W. Kurtz, executor under the last will and testament of Mary E. Wilson, deceased, and Charles C. Kurtz, executor and trustee under the last will and testament of Martha B. Wilson, deceased.

BRAMHALL, Vice Chancellor: In this case this court is asked to determine two issues: (1) whether or not the residuary estate left to brothers and sisters of the testator vested as of the date of his death or at the time of the death of the last life tenant; (2) if it should be decided that the residuary estate vested as of the time of the death of the testator, do the life tenants take as members of the class of brothers and sisters receiving the residuary estate?

Plaintiff is trustee under the last will and testament of James Wilson, deceased, who died on July 29, 1918, leaving a last will and testament dated October 25, 1915. After providing for certain specific bequests, testator gave and devised all his "real and mixed estate" to the Security Trust and Safe Deposit Company,—now the.

Security Trust Company,—to two sisters, Martha B. Wilson and Mary E. Wilson, during their joint lives and during the lifetime of the survivor of them. Testator further provided that in the event that his sister, Margaret W. Irvine, should be left a widow, she should share equally with the two sisters above named in the benefits of the trust so provided. As to the remainder, testator provided as follows:

"Upon the death of two sisters, Martha B. Wilson and Mary E. Wilson, and the survivor of them, then it is my will that all of my real and mixed estate and any proceeds that may have arisen from the sale of any part thereof, together with any unexpended income there may be, shall be equally divided among my brothers and sisters, share and share alike, their heirs and assigns forever, the issue of any deceased brother or sister to take his or her parent's share."

Testator was survived by his five brothers and sisters: Samuel H. Wilson, Margaret W. Irvine, Martha B. Wilson, Mary E. Wilson, and Henry Wilson. At the time of the execution of the will the ages of the brothers and sisters ranged from 39 to 52 years. Martha B. Wilson and Mary E. Wilson, the two life tenants, died respectively on June 9, 1928, and August 18, 1951, unmarried and without issue, the trust therefore terminating on the latter date. The other devisees all predeceased Mary E. Wilson, the surviving life tenant. Samuel H. Wilson died on October 26, 1926, leaving to survive him three children, Frazer Wilson, Jeannette A. Wilson, and Samuel H. Wilson, Jr., and Grace Wilson Gearhart, daughter of a deceased son, Frances Paul Wilson. Samuel H. Wilson, Jr. died in 1924, unmarried and without issue.

Samuel Irvine, one of the defendants, is the sole residuary legatee under the will of Margaret W. Irvine, deceased. Martha B. Wilson died testate on June 9, 1928, leaving her residuary estate to her two nieces, Margaret Gregg Wilson, now Margaret W. Hanby, and Mary Hope Wilson, each an undivided one-half interest therein.

Mary E. Wilson died testate on August 18, 1951, leaving her entire residuary estate to Margaret W. Hanby, after providing for the payment of her debts and a legacy to Mary Hope Wilson in the sum of $100.

The estate of Martha B. Wilson has been closed, the final ac-

count having been passed on February 9, 1935; the estate of Mary E. Wilson has also been closed, the final account in that estate having been passed on September 15, 1952.

I must first determine whether or not the remainder interest of the testator became vested at the time of his death or at the time of the death of the last life tenant, Mary E. Wilson, on August 18, 1951. In order to resolve this question the intention of the testator at the time of the drafting of the will must first be ascertained. If it should be clear that testator intended this provision of the will to take effect at some future date, then the intention of the testator, so far as it may be legally carried out, will prevail. However, in reaching my conclusion, I must accept certain well recognized rules of construction.

■■ The law favors the early vesting of devised estates and will presume that words of survivorship relate to the death of the testator, if fairly capable of that construction. In the absence of a clear and unambiguous indication of an intention to the contrary, the heirs will be determined as of the date of the death of the testator and not at some future date. When the language employed by the testator annexes futurity, clearly indicating his intention to limit his estate to take effect upon a dubious and uncertain event, the vesting is suspended until the time of the occurrence of the event. See *Delaware Trust Company v. Delaware Trust Company*, *ante p.* 135, 91 *A.2d* 44, and cases therein cited.

The assertion that it is indicated in the will that the testator intended the residuary estate to be vested as of the date of the death of the last life tenant is based upon the contentions: (1) the fact that testator left a life estate to two of his sisters and then gave the residuary estate to his brothers and sisters indicates that testator did not intend the two sisters to share in his residuary estate and therefore the residuary estate did not vest until the date of the death of the last life tenant; (2) the use of the words "upon the death of two sisters" and the provision in the will of testator that his estate "should be equally divided among my brothers and sisters" indicates an intention that testator intended a future vesting of his residuary estate.

■ Whatever may be the law in other states it is well settled in this state that the fact that a life tenant is a member of a class, in the absence of any clear indication in the will to the contrary, does not prevent the life tenant from participating in the remainder of testator's estate as a part of the class. *Wright v. Gooden,* 6 *Houst.* 397. The opinion of this court in the case of *Delaware Trust Company v. Delaware Trust Company, supra,* is not in conflict. In the *Delaware Trust Company* case the testatrix, after creating several life estates, the last of which was to her only son, provided that the residue and remainder of her estate should go to her heirs-at-law. In her trust inter vivos executed at the same time, she provided that the remainder, consisting of the proceeds of the sale of some Pennsylvania real estate, should go to the heirs-at-law of her husband. In that case the only son was the only heir-at-law of both the testatrix and her husband. This court decided that the intention of the testatrix as manifested by the general scheme or purpose as found in her will and in her trust agreement, was to create an estate to take effect as of the date of the death of the last life tenant. It was there stated that the use of the words "my heirs-at-law" and "heirs-at-law of my husband", where the son was the sole heir-at-law of both, along with other circumstances therein mentioned, demonstrated the intention of the testatrix to provide for future vesting. Here the testator in his will showed only an intention to postpone the enjoyment of the remainder until after the death of the life tenants. Where the will merely postpones the time of vesting the residuary estate would vest as of the time of the death of testator. The fact that the life tenants were also members of the class to whom the remainder of testator's estate was devised, would not prevent an early vesting of the remainder estate.

■ As to the use of the word "upon", it is equally clear under the decisions in this state and elsewhere, that this word and other words of this nature refer only to the time of payment and not to the substance of the devise. *Cann v. Van Sant,* 24 *Del.Ch.* 300, 11 *A.2d* 388; *In re Nelson's Estate,* 9 *Del.Ch.* 1, 74 *A.* 851. Other Delaware cases are to the same effect. In any event, the use of this word, and the provision for dividing its remainder, under the circumstances of this case would not alone be sufficient to overcome the presumption of immediate vesting.

It is contended on behalf of certain defendants that even though it should be determined that the gift to the brothers and sisters vested as of the date of the death of testator, the life tenants should be excluded from membership in the class of brothers and sisters. They base their contention upon the fact that testator in another item of his will gave them a life interest in his residuary estate.

In endeavoring to ascertain the intention of testator, it is uniformly held that such a provision is not of itself sufficient to prevent the life tenant from participating in the remainder as part of the class. See cases cited in 13 *A.L.R.* 620. It is not sufficient to show the absence of an intention to include the life tenants; there must be some indication of a clear and unambiguous nature to exclude them. *Dillman v. Dillman*, 409 *Ill.* 494, 499, 100 *N.E.2d* 567; *Carver v. Wright*, 119 *Me.* 185, 109 *A.* 896. I can find no incongruity in the mere fact that testator provided a life estate for his two sisters and later gave the remainder to his brothers and sisters, of which the two sisters were part of the class. They were unmarried. They were no longer young. It seems to be clear from the several provisions in the will of the testator that it was his purpose to provide for them. Such provision does not indicate to me that testator did not intend that they should participate further in his estate. Certainly there is no legal inconsistency in life tenants participating in the remainder. The theory that the testator particularly desired to see that his sisters were provided for is at least as strong as the supposition that he intended to exclude them from participating in the remainder.

I conclude that the life tenants should participate in the remainder devised by testator to his brothers and sisters.

Having determined that the life tenants should participate in the provision for the brothers and sisters, I must next consider the effect of the provision that the "issue of any deceased brothers or sisters to take his or her parent's share."

As to the brothers and sisters who died leaving issue, it was specifically provided that such issue should take the interest of such brother or sister leaving issue. Their interest was thereby

divested, their issue being substituted in their place. In such case, the brother or sister dying leaving issue would have no power of disposition of his or her interest in the estate. *In re Nelson's Estate, supra.*

The will of testator is silent as to any provision relative to any of the brothers and sisters dying without leaving issue. Martha B. Wilson, Mary E. Wilson and Margaret W. Irvine, three sisters of testator, left no issue at the time of their death. Was their interest divested by their death, even though they left no issue, or did their estates receive an absolute interest, free and clear of any conditions subsequent?

Under the will of testator, the death of the life tenants leaving issue caused their interest to be divested. I have determined that the brothers and sisters received an absolute estate, subject to the provision that the interest of any brother or sister dying prior to the death of the life tenant should go by substitution to the issue of such brother or sister. However, this provision of the will does not apply where there is no issue, since there would then be no limitation upon their estate. The decisions in this state are silent as to what would happen under such circumstances. However, the weight of authority in other states is to the effect that in the event of the death of the devisees leaving no issue, the interest of such devisees is not divested by their death. *McArthur v. Scott*, 113 *U.S.* 340, 5 *S.Ct.* 652, 28 *L.Ed.* 1015; *Plitt v. Plitt*, 167 *Md.* 252, 173 *A.* 35, 109 *A.L.R.* 1; *Jacobs v. Whitney*, 205 *Mass.* 477, 91 *N.E.* 1009; *Rutledge v. Fishburne*, 66 *S.C.* 155, 44 *S.E.* 564; *Gardner v. Vanlandingham*, 334 *Mo.* 1054, 69 *S.W.2d* 947. Since the estates created were absolute except for the condition subsequent, and since the subsequent condition has been removed, the estates of the sisters dying without issue would have an absolute interest unrestricted by any condition.

I believe that such a determination would be in accord with the plain intention of the testator. He apparently desired to provide for his own brothers and sisters and their issue. If he had desired to provide that the interest of any brother or sister dying without issue should go to the surviving brothers or sisters or had intended to make some other similar provision, it would have been

easy for him to do so. The fact that he did not, indicates that he had no such intention. I conclude that the interests of Martha B. Wilson, Mary E. Wilson and Margaret W. Irvine, were not divested by their death without issue and that their interests in the estate of the testator under the residuary clause of the will should go to their respective estates.

The estates of Martha B. Wilson and Mary E. Wilson have been closed. In accordance with the opinion of this court in *Cooling v. Security Trust Co.*, 29 *Del.Ch.* 286, 76 *A.2d* 1, their shares may be distributed by the trustee directly to the persons entitled to receive the same, the trustees first seeing that any taxes which may be due or any costs which may be incurred by reason thereof are paid.

An order will be signed on notice in accordance with this opinion.